SAMUEL DOLPH *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, New Haven, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

It is immaterial whether a flagman at a railroad grade-crossing is maintained there by the company of its own motion, or upon order of the railroad commissioners. In either case, the right of a traveler upon the highway, to rely upon the flagman's absence from his post as indicative of safety, is precisely the same.

To reinforce the accuracy of his recollection a witness may be allowed to state that he made a remark at the time about the occurrence he is testifying to, but not what the remark was.

Argued January 22d—decided March 5th, 1902.

ACTION to recover damages for personal injuries claimed to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and heard in damages to the court, *Ralph Wheeler, J.;* facts found and judgment for the plaintiff for nominal damages only, and appeal by him for alleged errors in the rulings of the court. *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*Seymour C. Loomis* and *Rufus S. Picket,* for the appellant (plaintiff).

*George D. Watrous* and *Harry G. Day,* for the appellee (defendant).

TORRANCE, C. J. On the 20th of July, 1899, about midday, the plaintiff in a business wagon attempted to drive over that part of a highway in Guilford crossed by the tracks of the defendant at grade, and while so doing a passing train struck and killed the horse attached to the wagon, demolished the wagon, and inflicted severe bodily injuries upon the plaintiff.

The trial court found that in causing this accident the defendant was guilty of negligence in not having a flagman at the crossing, and that the plaintiff was guilty of contributory negligence in not exercising due care in attempting to pass the crossing. These conclusions, based upon the subordinate facts set forth at length in the record, are fully warranted by the facts so set forth, and will not be reviewed by this court unless it be shown that the trial court committed some error, reviewable here, in reaching them.

The plaintiff has assigned a number of errors, relating to the action of the trial court in overruling his claims of law, which he says affected, or may have affected, the trial court in reaching its conclusion that the plaintiff was guilty of contributory negligence. One of these is, we think, well taken, and the rest are not.

The court erred in overruling the plaintiff's seventh claim of law. That claim reads as follows : " That upon the facts the plaintiff had the same right to rely upon the absence of the flagman as he would have had if the flagman had been

ordered by the railroad commissioners." A flagman had been maintained daily at this crossing for five years, to warn people of the approach of all regular trains not stopping at Guilford. During all this time, in the daytime, the presence of the flagman at the crossing was, to the general public, indicative of danger, and his absence indicative of safety. He was maintained there, it is true, by the defendant of its own motion, and without orders to that effect from the railroad commissioners; but he was maintained there, and the public, naturally enough, in using the crossing relied, and to some extent were entitled to rely, upon his absence there as indicative of safety, and to govern their conduct accordingly. Their conduct was governed by the fact that a flagman was maintained there, and not at all by the fact that he was not so maintained by order of the railroad commissioners. The plaintiff as he approached this crossing on the day of the accident knew that a flagman had been stationed there for years in times of danger, and he noticed his absence at this time; and he had a right to rely upon such absence as indicative of safety, to the same extent as he would have had if the flagman had been maintained by order of the railroad commissioners. In holding otherwise the court erred in a point that may have affected the conclusion that the plaintiff was guilty of contributory negligence.

The plaintiff complains of a ruling of the court upon evidence. To show that the attention of the conductor of the train that injured the plaintiff had been called, at the time of the accident, to the fact that the whistle had been blown, the conductor, in his deposition, was permitted to state that at the time of the accident he made a remark to the engineer, but not what the remark was. We think the ruling upon this point was correct. There was nothing erroneous in allowing the witness to state a fact that would enable him to remember that the whistle had been blown.

For the error in overruling the plaintiff's seventh claim of law the judgment is set aside and a new trial is granted.

In this opinion the other judges concurred.