FRANK T. PRESTON, TRUSTEE, *vs.* WARREN W. FOSTER,
EXECUTOR, ET AL.

First Judicial District, Hartford, May Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

An adjudication that *A* rather than *B* is entitled, under the terms of the will, to a legacy claimed by each of them, is reviewable by this court on appeal, when such adjudication is merely the ultimate or final conclusion drawn by the trial court from conceded or established facts.

The facts in the present case reviewed, and the adjudication of the trial court, based thereon, *held* to be erroneous.

Argued May 5th—decided July 24th, 1903.

ACTION to recover the amount of a legacy, brought to and tried by the Superior Court in Windham County, *Shumway, J.;* facts found and judgment rendered for the plaintiff, and appeal by one of the defendants. *Error; judgment reversed and cause remanded.*

*Harry E. Back,* for the appellant (The East Killingly Free Will Baptist Church and Society).

*Arthur G. Bill,* for the appellee (plaintiff).

TORRANCE, C. J. In July, 1899, Anthony D. Warren of Killingly in this State died there, leaving a will containing the following clause: " I do give and bequeath to the Baptist Church and Society in East Killingly the interest on one thousand (1000) to be used for the support of the preaching of the gospel so long as they maintain preaching. The principal not to be impaired. Said thousand dollars to be deposited in the Windham County Savings Bank."

The will was made in 1895, and at that time and before, and at the time the testator died, there were in the village of East Killingly, in the town of Killingly, two churches and societies of the Baptist denomination; the legal name of one being The East Killingly Baptist Church, and the legal name of the other being The East Killingly Free Will Baptist Church and Society. Hereinafter for brevity the first will be called the Baptist Church, and the second the Free Will Baptist Church.

In December, 1899, Frank T. Preston was by the proper Court of Probate appointed trustee of the fund named in said clause of Warren's will, and having duly qualified, he subsequently, as such trustee, and also in behalf of the aforesaid Baptist Church, brought suit against the executors of Warren to recover said legacy. In that suit the executors filed a cross-complaint, in the nature of a bill of interpleader, in which they alleged that the aforesaid Free Will Baptist Church claimed said legacy and threatened to bring suit therefor; and prayed that said Free Will Baptist

Church might be made a defendant in the case, and that it and said Preston, as trustee as aforesaid, be ordered to interplead concerning their claim to said legacy. Thereupon the Free Will Baptist Church was duly made a party defendant in said cause, and the court ordered it and the said trustee to interplead as prayed for, and they did so interplead.

Upon the trial of said interpleader the court, in addition to those facts stated in the pleadings, found the following: The Free Will Baptist Church was, at the date of the will in question and for a long time theretofore, and ever since has been, a church and society in East Killingly. It was always commonly known and described as The East Killingly Free Will Baptist Church and Society. During said period there was also a church and society in said village commonly known and described as the East Killingly Baptist Church. The Free Will Baptist Church was during said period, and ever since has been, the only Baptist church in said village that has continually and without interruption maintained preaching. The testator during the last fifteen years of his life seldom attended church, but up to within five years of his death did rarely attend the Free Will Baptist Church. At the time of making his will, for a long time theretofore, and until his death, he was a supporter of the Free Will Baptist Church, by contributions thereto for the purpose of maintaining religious services held by it in its church edifice, and the maintenance of its property used for church purposes. For at least five years before the testator's death, the Baptist Church had not maintained preaching without interruption, and said Baptist Church had not had a settled pastor since about the year 1888; and during most of the time since that date preaching in said church was only occasional. The services of a preacher were had as often as the church society had funds to pay for them.

It was upon these facts, substantially, that the court held that the Baptist Church was entitled to the income of said fund under the conditions named in the will, and rendered judgment accordingly. From this judgment the Free Will Bap-

tist Church appeals, and the reasons of appeal may be properly condensed into one, namely : that the trial court erred in holding that the Baptist Church was entitled to the income of said trust fund.

We think this assignment of error must be sustained. Aside from the bill of exceptions filed by the plaintiff, the case presents no question as to the admissibility of evidence, or as to the weight to be given to evidence. The facts found were substantially agreed to by the parties, and the sole question is whether they support the conclusion to which the trial court came, that by the words in his will, "the Baptist Church and Society in East Killingly," the testator meant the church and society in whose favor the court rendered judgment.

The facts thus found are the adjudicated facts upon which the trial court based its conclusion that the Baptist Church, rather than the Free Will Baptist Church, was entitled to the interest of the trust fund ; and such a conclusion, under our decisions, must be regarded as a legal conclusion reviewable in this court. *Nolan* v. *New York, N. H. & H. R. Co.*, 70 Conn. 159.

There were two Baptist churches in East Killingly, each having a society connected with it; and it is clear from the will that the testator intended to benefit one of them, and only one of them. In designating the beneficiary he did not use the legal name of either, but he uses words which describe both, and which would adequately describe either if the other did not exist. As, however, both exist, we have a case where there are two beneficiaries who substantially come within the description in the will; and the question is, what did these words of description mean to the testator? Did they mean to him the Baptist Church, or the Free Will Baptist Church? The meaning he gave to them must be ascertained in the light and by the aid of the facts found. One of these churches had a settled pastor, held regular services, was the one with which the testator was connected and identified, whose services he attended when he attended any religious services, and was the one whose services he supported by

contributions of money. The other had no settled pastor when the will was drawn, and had not had for some seven or eight years; it maintained no regular services, and had practically ceased to be "a going concern." With it he was in no way identified or connected, had never attended its services, nor contributed in any way to its support.

In the light of these facts we think the reasonable conclusion is that the testator, by the words of description in question, meant the Free Will Baptist Church and Society in East Killingly, and not the other.

Such facts as the foregoing, in the absence of any other controlling facts, have, in our own decisions, been uniformly held to be controlling on the question of interpretation; *Brewster* v. *McCall's Devisees*, 15 Conn. 274, 295; *Dunham* v. *Averill*, 45 id. 61; *Bristol* v. *Ontario Orphan Asylum*, 60 id. 472; *Crosgrove* v. *Crosgrove*, 69 id. 416; and we think they ought to be so held in the case at bar.

So much of the judgment of the court below, in this case, as determines "that the East Killingly Baptist Church is the church intended by said testator to receive the income from said $1,000" is set aside, and the cause is remanded to said court with directions to render judgment in favor of the East Killingly Free Will Baptist Church and Society, in accordance with the views herein expressed.

This disposition of the case renders it unnecessary to pass upon the questions raised by the bill of exceptions.

There is error, the judgment is reversed, and the cause remanded to be proceeded with as hereinbefore indicated.

In this opinion the other judges concurred.