JENNIE M. BLACKWELL METCALF, ADMINISTRATRIX, *vs.*
THE CENTRAL VERMONT RAILWAY COMPANY.

\* Third Judicial District, New Haven, January Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Upon the question of whether an electric bell at a railroad crossing
rang or not at the time of an accident, the defendant offered evi-
dence that it rang before and after the accident, whereupon experts
testified that if it did, it must have worked properly at the time of
the accident. *Held* that in reply evidence was admissible tending
to show that in fact the operation of the bell had been intermittent
and erratic; that sometimes it worked and again it did not.

Upon a hearing in damages after a default, the trial court found not
only that the defendant had failed to disprove certain allegations
of negligence, but that the evidence had established the truth of
those allegations. *Held* that the affirmative finding, if erroneous,
was harmless, since the defendant's failure to disprove these alle-
gations rendered it liable for substantial damages.

Where some of the specifications of actionable negligence charged are
found, an error in finding other specifications is harmless.

A judgment cannot be pronounced erroneous merely because of an er-
ror in fact. It must further appear that the trial court reached its
conclusion by adopting an erroneous rule of law, that some fact
found was legally inconsistent with its conclusion, that the judg-
ment rendered was impossible without violating the plain rules of
reason, or that there was an error of fact which was relied on by
the court as material and controlling, and which lay at the very
foundation of the judgment.

It is no objection to the finding of a fact that it is a conclusion based
on reasoning and presumption. To make such deductions and in-
ferences from the facts in evidence is an important part of the duty
of triers of fact.

While a traveler at a railroad crossing is bound to exercise reasonable
prudence, there is no unbending rule of law in this State that he
must "stop, look and listen," or "look and listen."

Submitted on briefs January 16th—decided March 8th, 1906.

ACTION to recover damages for personal injuries resulting
in the death of the plaintiff's intestate, brought to and heard
in damages by the Superior Court in Windham County, *Rob-*

\* Transferred from first judicial district.

*inson, J. ;* facts found and judgment rendered for the plaintiff for $5,000, and appeal by the defendant. *No error.*

The plaintiff's intestate, Leander Blackwell, was killed while attempting to cross the tracks of the defendant at the grade-crossing just north of the South Windham station. The station is used for both freight and passenger service, and the structure proper is situated 145 feet south of the crossing where one main line of tracks and two sidings cross the highway. The main line is between the sidings and passes on the west side of the station. The easterly siding leaves the main line some distance south of the station, passes to the east of the building and returns to the main line a short distance north of the crossing in question. At the north side of the crossing the nearest rails of the main line and siding are eight feet apart, and at the south side fifteen feet. The defendant maintained an automatic bell at the crossing as a warning of the approach of trains. On the day in question two freight cars stood on said east siding " just a little south " of the crossing.

Just prior to the accident, which occurred in the early morning, the plaintiff's intestate was engaged in loading some grain from the east side of one of said cars upon a sled drawn by two horses. This task completed, he got upon the sled and, standing thereon, drove at a walk by the side of the cars to the highway and turned upon it intending to cross. An extra freight was approaching from the south. The engineer of this train when he was about three hundred feet from the crossing caught sight of Mr. Blackwell's horses which had just come from behind the cars. He himself was not then in sight, as the cars still shielded him from view. As the train and team advanced, Mr. Blackwell, standing upon the sled, came quickly into view from behind the car, and almost as soon as the engineer thus caught sight of him, Mr. Blackwell looked up the track and saw the train. The horses were then on the main track, and he lashed them to get out of the way of the train, but they failed to respond, and the engine struck the sled, instantly killing Mr. Blackwell.

The court found that the defendant failed to sound the engine whistle and bell, as required by law, and was therein negligent. It also found that it was otherwise negligent, in that the electric bell was out of order and did not sound upon the approach of the train. It was found that Mr. Blackwell was not guilty of contributory negligence.

*Walter C. Noyes,* for the appellant (defendant).

*George W. Melony, Charles E. Searls* and *Frank F. Russell,* for the appellee (plaintiff).

PRENTICE, J. Various errors are assigned. It will be convenient, however, to consider those which are pursued in the order in which they are discussed in the appellant's brief, and as they are there grouped and stated.

The complaint alleged that the electric bell at the crossing was out of order and did not give any sound or warning, and that by reason of this failure, and other failures in duty on the part of the defendant, no proper warning of the approach of the train was given. The defendant gave notice of its intention to disprove these, among other, allegations, and offered evidence in refutation of both the general averment of a failure to give a proper warning, and the particular one as to the condition and action of the electric bell. The evidence to refute the allegation as to the bell consisted of testimony that it sounded at the passage of trains the night previous to, and at a later hour on the morning of, the accident, and of expert testimony to the effect that in such case it was impossible for it to have failed to work at the time of the accident. In reply, the plaintiff offered a witness who testified that he had been familiar with the bell for many years, and he was asked as to its operation during that time—as to whether it had been regular or otherwise. To this question and others succeeding—intending to show the intermittent and irregular operation of the bell, and eliciting replies that its operation was irregular, at times sounding for one train and not sounding for the next—ob-

jection was made, and error is assigned of the rulings of the court admitting them.

The evidence was clearly pertinent and admissible. The defendant depended for its attempted disproof of the allegation of the complaint, upon the presumption arising from the ringing of the bell shortly before and shortly after the accident, and the additional force given to that presumption by the expert testimony. Nothing was better calculated to break the force of that presumption and its supporting proof, than direct testimony that the action of the bell in fact was, and long had been, intermittent and erratic, in such a way as to render it not unlikely that it would do what it was sought to show it could not and therefore did not do.

It is complained that the trial court erred in finding, as it did, that this bell was out of order and did not sound at all as the train approached the crossing; and the charge is that there was no evidence upon which such a finding could be predicated.

It is unnecessary to inquire whether or not this charge is well founded, since the court has elsewhere found that the defendant had failed to disprove the allegation in the complaint to the same effect. The affirmative finding of the fact could not therefore have harmed the defendant, who, having failed to negative the averment of the complaint, would, as the consequence of its default, have been liable in substantial damages. *Lawler* v. *Hartford Street Ry. Co.*, 72 Conn. 74, 85; *Bergin* v. *Southern New Eng. Telep. Co.*, 70 id. 54, 65.

It is said that the trial court erred in ruling that the defendant was guilty of negligence in that this bell was out of order at the time of the accident. Here, again, it would not help the defendant if this conclusion were stricken from the finding. Its negligence arising from other failures in duty is found, and that is sufficient to sustain the judgment. The existence or nonexistence of some additional, independent act of negligence, can neither add to nor subtract from the defendant's liability, either in fact or in measure. The defendant's grievance as stated is, that the court has

found negligence resulting in the silence of the electric bell. As it failed to disprove the averment that the bell was out of order and did not sound, the court was entitled to found a conclusion of negligence upon it, unless forbidden by the fact that such negligence was not alleged and therefore could not furnish the foundation for a judgment for substantial damages. This, as the brief discloses, is the real grievance. The finding, however, of other independent negligence, furnishes the necessary support for the judgment, and renders it unnecessary to inquire whether negligence in respect to the operation of the bell is or is not in fact charged in the complaint.

The finding is, that at the time of the accident a person coming to the crossing from the east could not see a train on the main track approaching the crossing from the south until he came within from four to six feet of the east rail of the main track. It is charged that this statement is without warrant in evidence, and that the undisputed evidence supported the statement in the defendant's proposed finding marked " not proven," to the effect that a person on the highway, and from twelve to fourteen feet east of the nearest rail of the main line, could see down the track to the south for about six hundred feet without obstruction other than a telegraph pole. We are asked to make this correction of the finding.

The inquiry which we are thus invited to make is one which is complicated by the fact that the court is silent upon the important factor of the distance from the crossing at which the approaching train is to be conceived as located, and by the further fact that the proof upon the point in question, aside from the plane surface map in evidence, is wholly indirect in its character, and derivable only by deduction from the circumstances surrounding the accident and the relation of things and events to each other as they shall be found to have existed. Even if it be our province to enter upon the field of inquiry thus suggested to us, we have no occasion to do so in the present case. The ultimate object of our investigation will be sufficiently attained if we assume the cor-

Metcalf *v.* Central Vermont Ry. Co.

rectness of the defendant's contention that the court erred in finding the fact as it did and should have found it as claimed. There remains to discover what error of law is thus disclosed, for we cannot predicate a judgment of error upon an error of fact alone. The error of fact appearing and the correction having been made, it must further appear, either that the court's conclusions were reached by adopting some erroneous rule of law, or that some one or more of the facts found are legally inconsistent with the conclusions, or that upon the amended finding the judgment of the court was impossible without a violation of the plain rules of reason, or that the error, being a material one and relating to a controlling feature of the case, was relied upon by the court as material and controlling, and thus lay at the very foundation of the judgment. *Hyde* v. *Mendel,* 75 Conn. 140, 142 ; *Lawler* v. *Hartford Street Ry. Co.,* 72 id. 74, 81 ; *Levy* v. *Metropolis Mfg. Co.,* 73 id. 559, 564; *Broughel* v. *Southern New Eng. Telep. Co.,* 72 id. 617, 627 ; *Stanley* v. *Steele,* 77 id. 688, 691.

It is contended that the situation in this case with respect to the court's conclusion that there was an absence of contributory negligence on the deceased's part, satisfies the third of these conditions. With this contention we cannot agree. The court has made a finding upon the subject as, having been requested, it was bound to do. But there is nothing whatever to indicate that it attached any importance to any erroneous conception possibly involved in that finding. On the contrary, there is everything to indicate that it did not, and that no misconception of fact entered into its conclusion. This is first of all shown by the palpable fact that, whatever the paragraph of the finding in question is to be understood as expressing, the court actually entertained no material misconception of the true situation which it was called to pass upon. The paragraph immediately following the one in dispute states that the location of the highway, main track, station building and cars, was such that a person riding upon a sled drawn by a pair of horses and approaching the crossing from the east could not see a train approaching from the south on the main line until his horses were partly on the

main track.   As the uncontradicted testimony was that Blackwell was standing near the middle of his sled, it is quite clear that the court had before it a substantially .correct picture of the situation as the defendant claims it to have been.   Again, the defendant's engineer, whose testimony furnished the foundation of its case, testified that as he sat looking out of the window of his cab, about three hundred feet from the crossing, he caught sight of the heads of Blackwell's horses coming out from behind the cars ; that when his engine was about two hundred and fifty feet away Blackwell himself was disclosed to view upon the advancing sled ; that Blackwell quickly caught sight of the train and immediately lashed his horses, and that when he did so the horses were on or going on to the main track—partly on it. This statement the court has in substance embodied in the finding, from which it appears, in full accord with the defendant's contention, that the cars presented no obstruction to Blackwell's view of a train three hundred feet away, had he been at a point substantially twelve to fourteen feet or less from the nearest rail, and that he in fact saw the train when that distance had been only slightly reduced, and when the space between him and the nearest rail was at least that from about the middle of his two-horse sled to the forward or possibly middle part of his horses.   It is clear, therefore, that to this extent at least the situation, as the defendant claims it, was correctly understood by the court, and it is manifest that it was upon that situation that the judgment was rendered.   If the amended finding adds anything to it, it is that, after Blackwell had arrived where he could have seen the train actually approaching he could have seen it had it been farther distant.   How this fact could have well been of any practical significance it is not easy to discover.

In the defendant's supplemental brief, its position upon this point appears to be summed up in the proposition that the court's erroneous conclusion as to the absence of contributory negligence was based upon the erroneous assumption that Blackwell could not see down the tracks until his horses were actually upon them.   If this is the material

matter concerning which it is complained that the court misconceived the fact, there is certainly much in the evidence to substantially support the court's conception, as for example, the testimony of the engineer that the horses' heads were upon the main tracks before the sled came into view from behind the cars.

Another paragraph of the finding is objected to as having no evidence to support it. The only reason assigned for this claim is that it is " wholly based upon reasoning and presumption." That, however, is no objection to a conclusion of fact. It is an important part of the duty of triers of fact to make deductions and inferences from facts in evidence for the purpose of arriving at other facts.

It is urged that the trial court erred in its conclusion that the plaintiff's intestate was not guilty of contributory negligence, for the reason that upon the facts found he either did not, before attempting to cross, look and listen for approaching trains, or, having seen or heard, took his chances of getting safely over.

There is no unbending rule of law, recognized in this jurisdiction, that one who fails to " stop, look and listen," or to " look and listen," before crossing a railroad track, is by that fact guilty of contributory negligence. The recognized rule of duty is reasonable prudence under all the circumstances, and in applying that test the decision of the trial court will be final unless it appears that a violation of some principle of law entered into it. *Lawler* v. *Hartford Street Ry. Co.*, 72 Conn. 74; *Norris* v. *New York, N. H. & H. R. Co.*, 78 id. 314; *Wood* v. *Danbury*, 72 id. 69; *Fox* v. *Kinney*, ibid. 404. It appears that the trial court brought to this test the conduct of Blackwell not only in respect to stopping, looking, listening, attempting to cross, and, when *in extremis*, hurrying to cross, but in all other respects. No violation of any principle of law is disclosed. The result, therefore, cannot now be successfully challenged.

There is no error.

In this opinion the other judges concurred.