THE NEW HAVEN RENDERING COMPANY *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, January Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The ultimate conclusion of the trial court, that the plaintiff was guilty of contributory negligence in attempting to cross the tracks of the defendant company in front of approaching cars, is final, unless the subordinate facts set forth in the finding are legally or logically inconsistent therewith.
An eye-witness of an accident cannot give his opinion as to whether the conduct of the plaintiff upon that occasion was or was not that of an ordinarily careful and prudent person.

Argued January 20th—decided March 26th, 1915.

ACTION to recover damages for injuries to the horse, wagon and harness of the plaintiff, alleged to have been caused by the negligence of the defendant in the operation and management of one of its trolley-cars, brought to the Court of Common Pleas in Fairfield County and tried to the court, *Scott, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Carl Foster*, for the appellant (plaintiff).

*Joseph F. Berry*, for the appellee (defendant).

RORABACK, J.   The complaint in this action charges the defendant with negligence: first, in running a freight trolley-car, attached to a passenger trolley-car, not equipped with suitable brakes; second, in running these cars at an excessive and reckless rate of speed; and third, because of the failure of the defendant's agents to exercise proper care in preventing these cars from colliding with a wagon driven by a servant of the plaintiff.

The trial court found the defendant was guilty of negligence in running its cars at an excessive rate of speed; that the plaintiff's servant was negligent in attempting to cross the tracks of the defendant company in front of the approaching cars; and that his contributory negligence was an efficient and proximate cause of the accident.   No exception to any finding of fact or to any refusal to find a fact has been made.

The plaintiff claims that the ultimate conclusion of the Court of Common Pleas as to the question of contributory negligence is not supported by the subordinate facts set forth in the finding.   To sustain this contention of the plaintiff, it must appear that the trial court reached its conclusion by adopting an erroneous rule of law; that some fact found was legally inconsistent with its conclusion; that the judgment rendered was impossible without violating the plain rules of reason; or that there was an error of fact which was relied on by the court as material and controlling, and which lay at the very foundation of the judgment.   *Metcalf* v. *Central Vermont Ry. Co.*, 78 Conn. 614, 63 Atl. 633.   An examination of the subordinate facts found fails to disclose that they are legally or logically inconsistent with the ultimate conclusion of the trial court upon this branch of the case. It follows, therefore, that the decision of the lower court as to contributory negligence is final.

Upon the trial the plaintiff introduced as a witness an experienced driver of wagons, who testified that he witnessed the collision in question and he saw the approaching cars at the time the plaintiff's servant attempted to drive across the track in front of them. It is made a reason of appeal that the court excluded an inquiry of this witness as to his opinion as to whether or not it was an act of ordinary care and prudence for the plaintiff's driver to attempt to cross the track at this time. Witnesses who testify upon the question of contributory negligence are not permitted to say that their own or another's conduct was negligent, or was that of a careful person. *Wood* v. *Danbury*, 72 Conn. 69, 72, 45 Atl. 334. See 3 Chamberlayne on Evidence, p. 3184, § 2353, and cases cited in note 3, bottom of page.

There is no error.

In this opinion the other judges concurred.