### ELUKOWICH v. NEW YORK, N. H. & H. R. CO.

#### (District Court, S. D. New York. August 1, 1923.)

Railroads ⊙⟶312(15)—Though statute complied with as to crossing signals, it is question of fact whether additional safeguards required.

Under Gen. St. Conn. 1918, §§ 3794, 3801, requiring certain signals at railroad crossings, and authorizing railroad commissioner to require additional safeguards, but not providing that compliance therewith shall excuse other precautions, if conditions so require, the general rule that, notwithstanding compliance with statutory requirements, it is a question of fact whether conditions were such as to require additional safeguards, prevails in Connecticut.

At Law. Action by Frances Elukowich, administratrix of Kaston Elukowich, deceased, against the New York, New Haven & Hartford Railroad Company. Verdict for defendant, and plaintiff moves for a new trial. Verdict set aside, and new trial granted.

H. G. McDowell and Bern Budd, of New York City, for plaintiff.
John M. Gibbons, of New York City, for defendant.

LINDLEY, District Judge. Plaintiff alleged that her intestate, while he drove on a public highway, in a horse-drawn wagon, in the city of Norwich, Conn., was killed by defendant's train, as it crossed the highway, through the negligence of defendant, in that no sufficient warning or signals were given, either by bell, whistle, crossing bell, or otherwise; there being no crossing gates or watchman, though according to a posted sign a watchman was regularly in service there at certain other hours. It was also alleged that the view was obstructed. Defendant claimed that it was not negligent, that it complied with all statutory requirements as to signals or warnings and with all orders of the railroad commissioner of Connecticut, and that the injury was due to the negligence of plaintiff's intestate. The evidence was sharply in conflict, and the jury returned a verdict for defendant. Plaintiff now moves that the verdict be set aside and a new trial granted, chiefly upon the ground that the court erroneously charged the jury as to defendant's duty.

In the original charge the court instructed the jury that, even though they might believe from the evidence that defendant had complied with all statutes and commissioner's orders, yet if they should also believe from the evidence that the crossing was such and so situated that ordinary care on the railroad's part, acting as a reasonably prudent railroad company, for the safety of the public. demanded additional safeguards, then the failure to maintain such' additional safeguards should be construed as negligence. To this portion of the charge defendant

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

excepted. The jury, after retiring, addressed to the court in writing a question as to whether they had a right to find the defendant negligent, if they should find that it had complied with all the requirements of the law of Connecticut, as the court had defined such requirements. With the consent of both parties, the jury was then recalled for additional instruction upon such question.

In the meantime defendant's counsel had submitted to the court the decision of the Supreme Court of Connecticut in Dyson v. New York & N. E. Ry., 57 Conn. 9, 17 Atl. 137, 14 Am. St. Rep. 82, and plaintiff's counsel not having any authority from Connecticut overruling or modifying said case, and defendant's counsel strenuously insisting that Connecticut does not follow the general rule as outlined in the court's original charge, and that the case cited stated the recognized rule in that jurisdiction, the court, upon the faith of that decision substantially charged the jury that under the law of Connecticut, if the defendant complied with the law of that state as to the crossing warnings and signals, then it was not required to do more in that respect, and that they should ignore anything inconsistent with such proposition in the original charge.

Plaintiff now contends that the additional charge was erroneous, that the case cited has been modified, and that the law of Connecticut is in line with the general rule as defined in the original charge. If plaintiff's contention is correct, it is manifest that she did not receive a fair trial, and is entitled to have the evidence submitted under a charge in accordance with the law of Connecticut. In Grand Trunk Railway v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485, the Supreme Court had under consideration a charge where the court below said:

"If you find that, because of the special circumstances existing in this case, * * * it was reasonable that the railroad company should provide special safeguards to persons using the crossing in a prudent and cautious manner, the law authorized you to infer negligence on its part for any failure to adopt such safeguards as would have given warning, although you have a statute in Michigan which undertakes by its provisions to secure such safeguards in the way the statute points out. The duty may exist outside the statute to provide flagmen or gates or other adequate warnings and appliances, if the situation at the crossing reasonably requires that—and of this you are to judge—and it depends upon the general rule that the company must use its privilege of crossing the streets on its surface grade with due and reasonable care for the rights of other persons using the highway with proper care and caution on their part."

The court said:

"That this instruction is in harmony with the general rule of law obtaining in most of the states, and at common law, we think there can be no doubt. * * * It is also held in many of the states (in fact, the rule is well-nigh, if not quite, universal) that a railroad company, under certain circumstances, will not be held free from negligence, even though it may have complied literally with the terms of a statute prescribing certain signals to be given, and other precautions to be taken by it, for the safety of the traveling public at crossings. * * * As a general rule it may be said that whether ordinary care or reasonable prudence requires a railroad company to keep a flagman stationed at a crossing that is especially dangerous is a question of fact for a jury to determine under all the circumstances of the case."

It was there contended that under the construction of the Michigan statutes by the Michigan courts, it was the duty of the railroad commissioner to determine what safeguards should be maintained at any crossing, and that unless he had ordered additional safeguards, the failure of the company to maintain such could not be considered as evidence of negligence. The court announced that, if such were the construction of the Michigan statutes by the Michigan courts, it would be constrained to follow it, even though in conflict with the fundamental rules announced supra. Although there was apparently some conflict in the Michigan decisions, the Supreme Court held that a proper analysis of these decisions led to the conclusion that the courts of Michigan were not in conflict with the general rule, and said:

"The underlying principle in all cases of this kind which requires a railroad company not only to comply with statutory requirements in the matter of signals, flagmen, and other warnings of danger at public crossings, but many times to do more than is required by positive enactment, is that neither the Legislature nor railroad commissioners can arbitrarily determine in advance what shall constitute ordinary care or reasonable prudence in a railroad company, at a crossing, in every particular case which may afterwards arise."

To the same effect are Erie Railroad Co. v. Weinstein, 166 Fed. 271, at page 275, 92 C. C. A. 189, at page 192, where Judge Lurton said:

"The Ohio statute does not provide that compliance with these crossing signals shall excuse the railroad from taking other precautions, if the particular situation be such as that due care at the particular place and time would require other precautions."

The Connecticut statute (Gen. St. 1918, §§ 3794, 3801) prescribes certain signals, and provides that additional safeguards must be maintained at crossings where the railroad commissioner after due hearing so orders, but does not provide that compliance with the statute shall excuse the railroad company from taking other precautions, if the conditions so require. True, in the Dyson Case the Connecticut court held that the statute is exhaustive in its provisions, and provides the only measure of care required of a railroad company. But an examination of later decisions leads the court to the conclusion that such is not the law of Connecticut at the present time.

In Bates v. N. Y. & N. E. R. Co., 60 Conn. 259, 22 Atl. 538, the Supreme Court of Errors of Connecticut, in considering the statute requiring certain signals at crossings, said:

"Obviously the statute was not designed to define and limit the duty of railroad companies. They cannot do less than the statute requires; there are times and occasions when they may properly be required to do more."

In Dundon v. N. Y., N. H. & H. Ry. Co., 67 Conn. 266, 34 Atl. 1041, the court, after quoting from the Dyson Case, said:

"The foregoing statement should be read in the light of, and regarded as consistent with, what this court said later in Bates v. N. Y. & N. E. R. R. Co., supra, to the effect, and as stated, * * * that in exceptional cases, 'where the highest degree of diligence may justly be required, a literal compliance with the statute may not be enough.'"

Apparently fully in accord with these cases are Rowen v. N. Y., N. H. & H. Ry., 59 Conn. 364, 21 Atl. 1073; Tessmer v. N. Y., N. H. &

H. Ry., 72 Conn. 208, 44 Atl. 38; Dolph v. N. Y., N. H. & H. R. Co., 74 Conn. 538, 51 Atl. 525; Metcalf v. Cent. Vt. Ry., 78 Conn. 614, 63 Atl. 633; Cowles v. N. Y., N. H. & H. R. R. Co., 80 Conn. 48, 66 Atl. 1020, 12 L. R. A. (N. S.) 1067, 10 Ann. Cas. 481; and Elliott v. N. Y., N. H. & H. R. Co., 83 Conn. 323, 76 Atl. 298. From a careful examination of these cases the court is impelled to conclude that Connecticut has brought herself in line with the general rule, as announced by the United States Supreme Court in the case of Grand Trunk Ry. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485, that it was a quetsion of fact for the jury to determine whether the conditions were such as to put upon defendant the burden of additional safeguards; that the court correctly charged the jury in the first instance, and erroneously removed the said question of fact from the jury in the additional charge submitted at the request of defendant, and that the verdict of the jury should be set aside and a new trial granted.

It is therefore accordingly so ordered.

⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes