FRANK R. JACKSON ET AL. (JACKSON & SUMNER) *vs.*
FRANK BROWN

First Judicial District, Hartford, January Term, 1927.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Unless the trial court's conclusion that a plaintiff was free from contributory negligence is based upon an erroneous legal principle, it can only be attacked on the ground that it is inconsistent with the subordinate facts or that it violates the plain rules of reason.

The trial court found that when the driver of the plaintiff's automobile was a short distance from the intersection of two streets, the defendant's car, then for the first time visible to him, was approaching on his right and at a distance of about fifty feet, and that when the plaintiff's car, continuing on, had passed the middle of the intersection, which was only thirty feet wide, the collision occurred. *Held* that these facts supported the trial court's conclusion that the driver of the plaintiff's automobile had no reason to believe that he could not pass through the intersection without risk of collision and that he, therefore, had the right of way.

The operator of an automobile, which has the right of way over another at a street intersection, is entitled to assume that the other will grant him precedence and will have his car under such control that the right may be reasonably exercised without risk of collision; but he himself must proceed with due care,

i.e., operate his car as a reasonably prudent person would under the same circumstances, knowing that he had the right of way.

Argued January 4th—decided June 6th, 1927.

ACTION to recover damages for injuries to the plaintiff's automobile, alleged to have been caused by the defendant's negligence, brought to the Superior Court in Windham County and tried to the court, *Avery, J.;* judgment rendered for the plaintiff for $216, and appeal by the defendant. *No error.*

*Samuel B. Harvey,* for the appellant (defendant).

*John Hamilton King,* for the appellee (plaintiff).

MALTBIE, J.   The negligence of the defendant as alleged and as found by the court is not contested upon the appeal; the single question before us is upon the defendant's claim that the legal inference and conclusion logically to be drawn from the facts found by the court are that the plaintiff was "chargeable with negligence contributing proximately and essentially to his injury." The court did not adopt an erroneous rule of law in reaching its conclusion that the plaintiff's own negligence did not directly and materially contribute to the collision between plaintiff's and defendant's automobiles.   The error claimed by the defendant must therefore be that the facts found are inconsistent with the ultimate conclusion of the plaintiff's freedom from contributory negligence, or that the judgment could not have been rendered without violating the plain rules of reason. *New Haven Rendering Co.* v. *Connecticut Co.,* 89 Conn. 252, 253, 93 Atl. 528.   To test this claimed error we necessarily turn to the facts found.

The collision occurred in the intersection of Windham and Valley streets in the populous part of the city of Willimantic.   Windham Street runs north and south

Jackson *v.* Brown.

and intersects Valley Street, which runs east and west at right angles. Each street is about thirty feet wide. At about the time of the collision the plaintiff's automobile was being operated in a southerly direction on the west side of Windham Street at a speed of from ten to twelve miles an hour. A stone wall and terrace on the west side of Windham Street shut off a clear view of Valley Street west of the intersection of the two streets so that the driver of plaintiff's car could not see the defendant's car until plaintiff's car was close to the intersection, and defendant's car was about fifty feet west of the intersection. When plaintiff's car was a short distance from the intersection of these two streets the driver saw defendant's car approaching easterly upon the south side of Valley Street about fifty feet away. The plaintiff's car then entered the intersection and proceeded on the west side of Windham Street until it had crossed the center line of the intersection, the front wheels of the car being then on the south line of Valley Street, and its rear wheels being south of the center line of Valley Street. At this point defendant's car, coming from the west on the south side of Valley Street, ran into plaintiff's car, striking it on its right side at a point just back of the rear door and causing the damage for the recovery of which plaintiff sues. At the time of the impact the entire left half of Valley Street back of plaintiff's car was open and unobstructed.

If the two cars had been arriving at this intersection at approximately the same time it would have been the duty of the plaintiff to give the defendant's car, which was approaching the intersection from plaintiff's right, the right of way. Public Acts of 1923, Chap. 246, § 1. But the situation was not such. When plaintiff arrived at the intersection, the defendant was nearly fifty feet to the west of it; the plaintiff's car had en-

tered the intersection and had proceeded some distance through it when the defendant's car entered it. The trial court finds that "the plaintiff had no reason to believe, as he approached, entered, and was proceeding through the intersection, that he must stop his car to avoid collision with the defendant's car." This conclusion is one of fact and could reasonably be drawn from the subordinate facts. Under these circumstances the plaintiff and not the defendant had the right of way. *Neumann* v. *Apter,* 95 Conn. 695, 701, 112 Atl. 350. The plaintiff had the right to assume that the defendant would grant him the right of way, and would have his car under such control that the plaintiff, while in the exercise of reasonable care, could proceed through the intersection without danger of defendant's car colliding with him. *Laufer* v. *Bridgeport Traction Co.,* 68 Conn. 475, 37 Atl. 379; *Russell* v. *Vergason,* 95 Conn. 431, 436, 111 Atl. 625; *Woodhull* v. *Connecticut Co.,* 100 Conn. 361, 124 Atl. 42; *Rohde* v. *Nock,* 101 Conn. 439, 126 Atl. 335. The plaintiff's duty, in continuing on in his course, was to operate his car as a reasonably prudent person with the knowledge that he had the right of way would operate his car under like circumstances. *Rohde* v. *Nock, supra.* In that case the defendant arrived at the intersection first; in this case the plaintiff not only arrived at the intersection first, but the front part of his car was nearly through it when the defendant's car entered it. The situations in the two cases are reversed, but the same principle is applicable.

The court's conclusion that the plaintiff could not with reasonable diligence have prevented the collision is fully supported by the subordinate facts.

There is no error.

In this opinion the other judges concurred.