Davis v. Margolis.

No costs will be taxed to any of the parties in this court.

In this opinion the other judges concurred.

---

JOSEPH J. DAVIS, ADMINISTRATOR, vs. PAUL MARGOLIS.

Third Judicial District, New Haven, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, BANKS and ELLS, Js.

A conclusion drawn by the trial court to the effect that a defendant was not negligent is frequently called one of fact; strictly speaking, it is one of law and fact, involving, first, the ascertainment of the legal standard by which conduct is to be measured, and then the application of that standard to the facts of the particular case.

An inference or conclusion of fact drawn by the trial court directly from the evidence is only reviewable by this court upon a motion for correction of the finding; but when the facts have been found, the conclusions drawn therefrom by the trial court in the exercise of its legal judgment are always reviewable, for an erroneous conclusion of that character involves an error of law and not merely an error of fact.

A judgment rendered upon the facts found will not be reversed or set aside unless some erroneous rule of law material to the case has been applied, or unless a conclusion has been reached, or an inference drawn, from a fact, many facts, or all the facts found, which affects the judgment rendered in a material degree and is legally or logically inconsistent with such fact or facts, or is so illogical or unsound, or so violative of the plain rules of reason, as to be unwarranted in law.

Due care requires that one who knowingly approaches a railroad grade-crossing shall conduct himself as though it were a dangerous place.

The trial court found these facts: The defendant's automobile was being driven by his son, at his request and as his agent, in an easterly direction along a highway which approached a railroad grade-crossing at an acute angle. A short distance from the crossing, where there was a clear view of trains approaching from the east for about four hundred feet, the son brought the car nearly to a stop, but, neither seeing nor hearing an oncoming

train, the whistling of which was inaudible to the occupants of the car because all of its windows, except the one next to the driver's seat, were closed, and thinking that the red flashing of an automatic signal light was caused by the reflection of the sun, he relied upon the assurance of a passenger in the rear seat that nothing was coming and proceeded onto the crossing where the car was struck by the train and the plaintiff's intestate, a passenger, was killed. The trial court concluded that the defendant's son had conducted himself as an ordinarily prudent person under like circumstances would have done, and that the defendant was not liable. *Held* that the trial court's conclusion was legally and logically inconsistent with the subordinate facts found and that the judgment should be reversed.

Argued January 24th—decided February 28th, 1928.

ACTION to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the court, *Dickenson, J.;* judgment for the defendant, and appeal by the plaintiff. *Error; judgment directed for plaintiff after hearing on the single issue of damages.*

*Joseph J. Davis,* with whom, on the brief, was *Herman J. Weisman,* for the appellant (plaintiff).

*Richardson Bronson,* for the appellee (defendant).

WHEELER, C. J. This action is brought to recover damages for the instantaneous death of the plaintiff's intestate which occurred in a collision at a grade-crossing of a steam railroad train with the automobile of defendant in which plaintiff's decedent was a passenger. The case was tried to the court. The grounds of the appeal, though three in number, in fact are one, and all are based upon the conclusion of the court upon the facts found that "the defendant's driver was proceeding as would the ordinarily prudent man under like circumstances at the time of the collision, and the defendant is not liable for damages to the plaintiff's

intestate." The defendant supports the judgment in his favor upon the ground that the conclusions drawn by the trier from the facts found as to whether or not there was negligence was for him, and unreviewable by this court. Our question is, whether the conclusion thus reached is one of fact for the trier, or one of law and reviewable by us. We will first give a summary of the essential facts found, then ascertain the rule of law by which we determine whether a conclusion drawn from the facts found is one of fact or of law, and finally apply the rule to the facts found.

The defendant, on October 15th, 1923, was en route from his home in Waterbury to Providence in his own automobile, operated by his son Samuel at his request and as his agent. There were three passengers in the automobile, one of whom was plaintiff's intestate, the wife of the owner of the car. The tracks of the New York, New Haven and Hartford Railroad Company cross the State road between Hartford and Willimantic at an acute angle at a crossing known as Columbia Crossing. As the automobile approached this crossing, traveling in an easterly direction, it was being operated at a moderate speed and the driver, when the car had arrived at a short distance from the crossing, reduced its speed to nearly a stop. There was a curve in the railroad's right of way about six hundred feet northeasterly from the crossing. Persons traveling easterly on this highway had a clear view, except for a few trees just beyond the curve, of an engine and train, approaching easterly, for a distance of about four hundred feet from the crossing. In order to warn passengers traveling on the highway of the approach of a train there was stationed, adjacent to this crossing, a signal light which was operated by flashing red whenever a train was approaching the crossing, and continued to so operate until the train had passed over

the crossing. This flashlight was visible to those traveling easterly on the highway for a distance of four to five hundred feet from the crossing. When the train in question was at a distance of about one quarter of a mile from the crossing several long, loud blasts were blown from its engine whistle and shorter blasts continued until the collision. All of the windows of the automobile were closed except the one by the side of the driver. No occupant of the automobile heard a whistle or the sound of the approaching train, nor did they see it. The signal light was flashing red and had been so flashing for sometime before the automobile reached the crossing. The driver saw the red light, but thought it was the reflection of the sun on the signal light. As the driver brought the car nearly to a stop, just before driving across the tracks, either his father, the defendant, or one Silver upon the rear seat, asked the driver what he was waiting for and said that there was nothing coming. The driver as he approached the crossing looked to the right and left and did not observe an approaching train. Upon hearing the question of his father or Silver he proceeded to cross the tracks and had almost cleared them when the automobile was struck by the train and the plaintiff's intestate was instantly killed; she herself was at all times in the exercise of due care.

The conclusion of the trial court that the driver proceeded as an ordinarily prudent man under like circumstances would have proceeded was obtained by determining what would have been the standard of conduct of the ordinarily prudent man under like circumstances and then by applying that standard to the facts found, in measuring the driver's conduct by that standard. A conclusion of this character is often called one of fact; strictly speaking it is one of law and fact, involving, first, the ascertainment of the standard, and

then its application to the case in hand. The conclusion or inference will not be reviewable "where the facts have been properly found, unless the court can see from the record that in drawing such inference the trier imposed some duty upon the parties which the law did not impose, or absolved them from some duty which the law required of them under the circumstances, or in some other respect violated some rule or principle of law." *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 257, 21 Atl. 675, 22 id. 544; *Dundon* v. *New York, N. H. & H. R. Co.*, 67 Conn. 266, 269, 34 Atl. 1041. If reasoning men of impartiality might reasonably differ in the conclusion or inference reached, we cannot substitute our judgment for that of the trier. The inferences or conclusions of fact drawn by the trier from the evidence will not be reviewed by us except through the method of correction of the finding. But when the facts have been found by the court "nothing remained," said JUDGE LOOMIS, "but for the court in the exercise of its legal judgment to draw its inference from the facts"; and "in such a case the conclusion of the court can always be reviewed by the appellate court. An erroneous conclusion is an error of law and not an error in an inference of fact." *Hayden* v. *Allyn*, 55 Conn. 280, 289, 11 Atl. 31; *Tyler* v. *Waddingham*, 58 Conn. 375, 386, 20 Atl. 335; *Neff* v. *Neff*, 96 Conn. 273, 275, 114 Atl. 126.

In *Winsted Hosiery Co.* v. *New Britain Knitting Co.*, 69 Conn. 565, 575, 38 Atl. 310, we held: "The judgment or ultimate conclusion of a court upon the special facts in issue, as ascertained from the evidence and settled by the trier, is a conclusion of law, and as such reviewable by this court; and this is true whether such facts are settled by a special verdict of a jury or a special finding of a judge." JUDGE HAMERSLEY points out that the phrasing of the statute of 1821, preserved

Davis *v.* Margolis.

unchanged in succeeding revisions, seems to authorize, in a trial to the court, that the judge "settle the facts in the same manner as if tried to a jury." But he adds: "The effect that might result from such language has, however, been modified by recent legislation." Practice Act; General Statutes of 1888, §1111; Public Acts of 1893 and Public Acts of 1895. "We think," he continues, "that the result of this legislation is, that in all cases tried to the court the judge is now authorized, and upon request required, to find and state in a special finding the facts adjudicated by him in reaching his ultimate conclusion, including all specific facts which, when so adjudicated, must determine the nature of the ultimate conclusion and subordinate conclusions involved therein, by force of settled rules and principles of law. The judgment rendered on such an adjudication of facts is merely the voice of the law declaring the legal effect of the facts adjudicated."

The cases in our reports upon this subject are numerous. We have referred to a few which have had a controlling effect in settling our accepted rule of law. That we conceive to be this: A judgment rendered upon facts found will not be reversed or set aside unless some erroneous rule of law material to the case has been applied, or unless a conclusion has been reached, or an inference drawn, from a fact, many facts, or the facts found, which affects the judgment rendered in material degree and is legally or logically inconsistent with that or those facts, or is so illogical or unsound, or so violative of the plain rules of reason, as to be unwarranted in law. *Nolan* v. *New York, N. H. & H. R. Co.*, 70 Conn. 159, 191, 39 Atl. 115; *Metcalf* v. *Central Vermont Ry. Co.*, 78 Conn. 614, 619, 63 Atl. 663. A few instances from the many found in our reports will indicate the manner in which we have applied the rule. Instances may be found among our

decided cases which would be difficult to bring under this rule. Conclusions of fact were not always regarded as reviewable, but that rule of procedure wrought injustice and in process of time it was modified until finally the present rule developed. A conclusion drawn from the facts found that the Baptist Church, rather than the Free Will Baptist Church, was entitled to the interest of a trust fund, we held to be a legal conclusion and reviewable. *Preston* v. *Foster,* 75 Conn. 709, 712, 55 Atl. 558.

A conclusion that one was the procuring cause of a sale of real estate was found erroneous for the reason that it was not supported by the subordinate facts found. *Hoadley* v. *Savings Bank of Danbury,* 71 Conn. 599, 608, 42 Atl. 667; *Rosenfield* v. *Wall,* 94 Conn. 418, 420, 109 Atl. 409. Inferences drawn from the facts found that the rules of a railroad did not sufficiently provide for an emergency encountered in the operation of trains, and for the reasonably safe operation of the trains, and that the operation of the trains under general rules alone was not a safe method of operation, and that the railroad did not exercise ordinary care in the movement and operations of trains, we held to be reviewable as conclusions of law. Inferences from the facts found of legal liability, or of the conclusions essential to legal liability, raise a question of law, while in the conclusion of an emergency we say the court "has plainly mistaken those rules of sound reasoning whose observance is essential to the validity of an inference from admitted facts." *Nolan* v. *New York, N. H. & H. R. Co.,* 70 Conn. 159, 186, 192, 39 Atl. 115.

In *Lippitt* v. *Ashley,* 89 Conn. 451, 94 Atl. 995, we reviewed a conclusion of reasonable care on the part of bank directors, based as it was upon the facts found. We say, at page 462: "The ultimate finding of reason-

able care is necessarily a conclusion founded on these intermediate generalizations, and, if logically inconsistent with them, may be reviewed in this court." Let us apply the rule to the facts found to see whether they support the conclusion that this driver acted as an ordinarily prudent man under like circumstances as he approached this crossing. He knew in ample time that he was about to pass over the steam railroad tracks which crossed this highway. He saw the signal was red. It was flashing red and had been for sometime before the automobile reached the crossing. The court has found that he thought the red was the reflection of the sun on the light. Whether this finding is at variance with other facts found we shall not discuss. The case can be decided without questioning ·this finding. Had he been keeping a reasonable lookout he would have seen the recurrent flashing red of this signal light. That would have told the ordinarily prudent man in his place that it was not the reflection of the sun on the glass but a danger signal to warn travelers of the approach of a train. He had almost stopped the automobile before he reached the crossing. It was under these circumstances his duty to stop until the train had passed. Instead of doing that he relied upon the statement of his father or Silver that there was nothing coming and went on. These advisers were in the rear seat, the windows near them were closed and their opportunities for seeing or hearing an approaching train were not as good as that of the driver on the front seat with the window next to him open. So far as appears none of those on the rear seat saw the red signal light, nor did the driver tell them of it. The driver was not justified in relying upon this advice. Going at the slow speed the automobile was traveling there was, so far as appears, nothing to have prevented the driver from seeing and hearing the approaching

train between the time he was advised or urged to go on and the time he reached the zone of danger. He did not keep the lookout the reasonably prudent driver would have done, he did not stop when a reasonable lookout would have apprised him of the danger of going on. He knew that he was approaching a railroad crossing. He was negligent unless he approached it as if it were a dangerous place. *Peck* v. *New York, N. H. & H. R. Co.*, 50 Conn. 379, 394. The trial court has absolved him from the duty of reasonable care which the reasonably prudent driver would have exercised. The conclusion reached was legally and logically inconsistent with the subordinate facts found. On both grounds the conclusions were erroneous and reviewable by us as conclusions of law.

There is error, the judgment is reversed and the Superior Court directed to render judgment for the plaintiff, after hearing had upon the single issue of damages, for such damages as the plaintiff has established by legal proof.

In this opinion the other judges concurred.