### ENGLISH v. UNITED STATES STORAGE CO., Inc., et al.

No. 173, Docket 22239.

United States Court of Appeals, Second Circuit.

Argued Feb. 13, 1952.

Decided March 6, 1952.

William Fox Geenty, New Haven, Conn., for appellant.

Francis J. Moran and John E. McNerney, New Haven, Conn., for appellees.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM:

The defendant, United States Storage Company, Incorporated, owned a semi-trailer truck which was operated by its employee and co-defendant James F. Fletcher. On April 19, 1950, the plaintiff was operating a Chevrolet passenger car with which the truck collided. He brought this action to recover damages for injuries which he suffered from the collision caused by the

alleged negligence of the defendant United States Storage Company and its driver Fletcher. The case was tried to a jury which rendered a verdict for the defendants. From the judgment entered on this verdict the plaintiff has appealed. He seeks a reversal because of errors in the charge of the judge.

On the day of the accident the plaintiff was operating his Chevrolet on Campbell Avenue in Westhaven, Connecticut, and was proceeding in a northerly direction which would require his crossing Orange Avenue and going into Forest Road—a street which was a continuation of Campbell Avenue. A car preceding him stopped on the edge of the crossing at a stop light signal and the plaintiff did likewise, waiting for an opportunity to cross through the intersection of Campbell Avenue and Orange Avenue. When the eastbound traffic on Orange Avenue had cleared, the plaintiff drove on to the center of Orange Avenue and stopped his car at a point where it was "straddling the middle of Orange Avenue." He there saw five or six passenger cars and the defendant's truck coming west on Orange Avenue. He let the passenger cars go by and then started. The truck, which was behind the passenger cars, came along on Orange Avenue and struck the plaintiff's car. The latter testified that if he had remained in the position that he was in when he let the passenger cars go by, the truck would have passed on in the same fashion and there would have been no collision.

There is a Connecticut statute providing that: "Each driver or operator of a vehicle approaching any intersecting public street or highway shall grant the right of way at such intersection to any vehicle approaching from his right, provided such vehicles are arriving at such intersection at approximately the same time, * * *." Conn.Gen.Stat. § 2489 (1949 Rev.).

The plaintiff requested the court to charge the jury as follows:

"1. If you find that the plaintiff had arrived at the intersection first, had entered it, and had proceeded some distance through it, when the defendant's truck entered the intersection, then the statute giving the right of way to a car approaching from the right when both are arriving at the intersection at approximately the same time is not controlling."

"On the contrary, the plaintiff, arriving at the intersection first, had the right of way and the right to assume that the defendant would yield it to him. Jackson v. Brown, 106 Conn. 143 [137 A. 725] * * *."

■ With respect to the first portion of this request, the court never charged that the "right of way" statute was controlling and hence that portion of the proposed charge was unnecessary.

■ The second part of the request was apparently based on the authority of Connecticut cases where one vehicle, having arrived at the intersection first, was continuously moving through the intersection at the time of the collision. But in the case at bar the plaintiff's own testimony showed that he had come to a full stop while in the middle of Orange Avenue and for that reason was not entitled to the requested instruction.

The plaintiff also has objected to the following portion of the charge: "* * * when vehicles arrive at an intersection at substantially the same time, the vehicle arriving from the right shall have the right of way. And so as Fletcher was proceeding westward we have his testimony that he saw these vehicles * * * and he might properly rely on the law, that any vehicle reaching Orange Avenue or Campbell Avenue at about the time he reached the intersection would give him the right of way. Having to that limited extent a right of way over the traffic from the left, the jury may consider whether or not there was any negligence on the part of Fletcher in not seeing English in the middle of the road to Fletcher's left, if indeed the jury should find he was there."

It is evident that the judge never charged that the defendants had a right of way but only that they would have one in a particular situation which did not in fact exist. He closed his charge on the question of negligence by the following undoubtedly correct statement of the law which would

only have been confusing if he had granted the plaintiff's request:

"I think it will readily appear to the jury that Fletcher's conduct must of course be tested in the light of English's conduct. If English had been steadily proceeding across Route 1 so that Fletcher either saw him or in the reasonable use of his senses should have seen him, that obviously would have been a sign of appproaching danger to Fletcher. Whether there would then have been time for him to avoid the collision is another question. But if, as the plaintiff himself says, he was seated straddling the center of the road waiting for westbound traffic to pass, even if Fletcher had seen him on the left and had seen plaintiff's witnesses on the right waiting for traffic to pass, there would have been no visible sign of danger to Fletcher unless the jury should feel that the mere presence of waiting vehicles, instead of being an invitation to others to pass, was a sign of danger in itself.

"In the light of all these considerations it is for the jury to determine, from the facts and the inferences reasonably to be drawn, whether the plaintiff has established by a fair preponderance of the evidence that the defendant Fletcher was negligent. * * *"

We find no error in the charge and hold that the judgment should be affirmed.