## W. C. BETTILYON vs. C. E. SMITH & SON, INC.

Third Judicial District, New Haven, January Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Under the rules of the road requiring that each driver of a motor-vehicle approaching any intersecting street or highway shall grant the right of way at such intersection to any vehicle approaching

Bettilyon *v.* Smith & Son, Inc.

from his right, providing the vehicles are arriving at the inter-
section at approximately the same instant (§ 26(c) of chapter 233
of the Public Acts of 1919), the words "such intersection" mean,
where any highway joins and crosses another, all the space in-
cluded within the lines of both highways, and where one highway
joins but does not cross the other, all the space that would be
included within the lines of both extended to cross each other.
A collision which occurs at any point within this space occurs at the
    intersection of the streets.
When two motor-vehicles are about to enter and while they are in the
    space of such intersection as thus defined, the duty rests upon the
    driver of the motor-vehicle on the left to give the right of way to
    the other at any place in the space, in addition to his duty to act
    as an ordinarily prudent man would act, in the same situation, in
    the exercise of reasonable care respecting signals and the speed
    and management of his vehicle and any conduct likely to cause
    or prevent an accident.
Where the evidence tended to prove that the plaintiff, driving his
    motor-vehicle on one of two intersecting streets, was about fifty feet
    from their intersection, and that the defendant, driving his motor-
    vehicle on the other of the intersecting streets, was at the same
    time about one hundred and twenty feet from their intersection,
    and the testimony concerning the speed of each vehicle was con-
    flicting, the jury could have found reasonably that the two vehicles
    were arriving at the intersection at approximately the same instant;
    and therefore the trial court did not err in instructing the jury
    that the provisions of § 26(c) of chapter 233 of the Public Acts
    of 1919 had an important bearing on the facts in this case.

Argued January 20th—decided February 21st, 1921.

ACTION to recover damages for injuries to the plain-
tiff's automobile, alleged to have been caused by the
negligence of the defendant, brought to the Court of
Common Pleas in New Haven County and tried to
the jury before *Wolfe, J.;* verdict and judgment for
the defendant, and appeal by the plaintiff. *No error.*

*Prentice W. Chase,* for the appellant (plaintiff).

*Arthur W. Chambers,* for the appellee (defendant).

BURPEE, J.  The plaintiff assigns the following por-
tion of the trial judge's charge to the jury for a reason

of appeal: "Reference has been made by both parties to this controversy to the rules of the road which motor vehicles, when meeting at the intersection of streets, must obey. As the collision in question occurred at the intersection of two streets in the city of New Haven, that rule has an important bearing upon the facts in this case."

The plaintiff's counsel concedes that the rule of the road to which the court referred is stated in the Public Acts of 1919, Chapter 233, § 26 (c), as follows: "Each driver of a motor vehicle approaching any intersecting street or highway shall grant the right of way at such intersection to any vehicle approaching from his right, provided the vehicles are arriving at the intersection at approximately the same instant. . . ."

But the claim is made that this rule is not applicable to this case because the vehicles were not "arriving at the intersection at approximately the same instant."

It is admitted that the collision occurred on George Street in the city of New Haven, which runs easterly and westerly and joins at an angle and crosses Winthrop Avenue. Each of these highways, then, with respect to the other, is an intersecting highway within the definition fixed by statute. Public Acts of 1919, Chap. 233, § 7, p. 2890. Just before the collision the plaintiff was driving his motor-vehicle easterly on the southerly side of George Street and was approaching Winthrop Avenue. When he was about fifty feet westerly of that avenue, he saw the defendant's auto-truck approaching George Street on the easterly side of Winthrop Avenue and about one hundred and twenty feet southerly from George Street; that is, he knew then he was approaching an "intersecting street" and that the other vehicle was approaching on this

intersecting street from his right. The plaintiff testified that he was traveling at this time at ten or fifteen miles an hour and the defendant at twenty to twenty-five miles an hour. The defendant testified that he was driving at the same time at twelve or fifteen miles an hour and the plaintiff more than twenty miles an hour. Whatever their conclusion concerning the speed at which each of these drivers was moving, the jury certainly could have found reasonably that they were then "arriving at the intersection at approximately the same instant." Therefore, the rule laid down in the statute quoted required the plaintiff, in such circumstances, to "grant the right of way at such intersection" to the defendant, and had "an important bearing on the facts in this case." It was the duty of the trial court to call the attention of the jury to it, and to instruct them concerning the bearing and effect of its provisions upon the evidence and claims of the parties.

The plaintiff further contends that in this part of its charge the court "misstated a fact when it said that the collision in question occurred at the intersection of two streets." To support this contention, the plaintiff's counsel find it necessary to construe the word "intersection," as it is used in the statute, to mean only the point at which the center lines of two intersecting streets cross each other. It is not disputed that the plaintiff had gone beyond this point and was crossing the easterly cross walk on George Street, and that the vehicles collided then at a place near to the southeasterly corner of the two streets and several feet from the spot where their center lines cross. Hence he argues that the collision did not occur, as the court told the jury it did, "at the intersection of two streets."

We cannot approve this definition of the word "inter-

section." The statute plainly states the meaning of the words "intersecting highways." The driver of any vehicle is approaching an intersecting highway when he is coming near to the line where one highway joins another. That is where the intersection begins, and approaching there it had become his duty to "grant the right of way at such intersection to any vehicle approaching from his right." The words "such intersection," reasonably construed, mean all the space included within the lines of both highways where "any highway joins another at an angle," if it crosses the other; or, if one highway joins but does not cross the other, all the space that would be included within the lines of both extended to cross each other. It was the duty of the plaintiff to give the right of way to the defendant at any place in this space. When both vehicles were about to enter and while they were in this space, this duty rested on the plaintiff, together with the duty to act as an ordinarily prudent man would act, in the same situation, in the exercise of reasonable care respecting signals and the speed and management of his vehicle and any conduct likely to cause or prevent an accident. *Neumann* v. *Apter*, 95 Conn. 695, 112 Atl. 350.

The court did not misstate the fact when it told the jury that "the collision in question occurred at the intersection of two streets." It made no error when it read to them the statute we have cited. It is not claimed that it erred in any other particular in construing this statute in its relation to the issues in this case.

The other assignment of error concerns the ruling of the trial court in denying the plaintiff's motion to set aside the verdict and for a new trial. It is without merit. The evidence which appears in the record was sufficient to support the verdict. With suitable instruc-

tions by the court, the jury reached a conclusion upon it which is not untenable, and which will not be disturbed on appeal.

There is no error.

In this opinion the other judges concurred.