### BARNET Z. FRIEDMAN vs. RICHARD H. G. CUNNINGHAM.

Third Judicial District, New Haven, January Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, JS.

Argued January 27th—decided February 23d, 1926.

ACTION to recover damages for injuries to the plaintiff's automobile, alleged to have been caused by the defendant's negligence, brought to the Court of Common Pleas for Fairfield County and tried to the court, *Huxford, J.;* judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*John T. Dwyer,* for the appellant (plaintiff).

*Stanley T. Jennings,* for the appellee (defendant).

PER CURIAM. The plaintiff in this action sought to recover damages for injury done to his automobile in a collision with that of the defendant, which the plaintiff alleged to be due to negligence of the defendant's servant and agent. The collision occurred at a highway intersection, and defendant's automobile was upon the right of the plaintiff's as they came to it. If they were arriving at approximately the same time, it would be the duty of plaintiff's driver to yield the right of way to the defendant's automobile. Public Acts of 1921, Chap. 334, § 2; *Neumann* v. *Apter,* 95 Conn. 695, 700, 112 Atl. 350; *Bettilyon* v. *Smith & Son, Inc.,* 96 Conn. 16, 20, 112 Atl. 649; *Lamke* v. *Harty Bros. Trucking Co.,* 96 Conn. 505, 508, 114 Atl.

(737)

533. That the situation was such as to bring this rule into operation and that the driver of plaintiff's car was negligent in not heeding it, slackening his speed, or giving any warning, are not merely reasonable, but almost inevitable conclusions. That being so, it becomes of no consequence whether the driver of defendant's automobile was also negligent, for the negligence of the driver of plaintiff's car must certainly, on the facts found, be regarded as at least materially contributing to bring about the collision, even if it could not be said to be the sole cause.

There is no error.