LUKE J. BRANGI *vs.* ARCHIBALD MARSHALL ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 15th—decided August 15th, 1933.

*Harold F. Rosen,* for the appellant (plaintiff).

*Samuel E. Hoyt,* for the appellees (defendants).

PER CURIAM. The plaintiff presented his evidence and rested his case, and the defendants, offering no evidence, also rested, whereupon the court directed the jury to bring in a verdict for the defendants, on the ground that, upon the evidence, the plaintiff was contributorily negligent as a matter of law. The car of the plaintiff and the defendants' truck were in collision at the intersection of Hamilton and Water Streets in New Haven. The jury could reasonably have found that the plaintiff was driving his car south on the west side of Hamilton Street and the defendants' truck was being driven east on the south side of Water Street, both at approximately twenty miles per hour. When about forty feet from the intersection, the plaintiff had a clear view of the defendants' truck, then about one hundred and twenty-five feet from the intersection, and thereafter, to the time of the collision, each had an unobstructed view of the other. When the plaintiff reached the northern edge of the intersection, the truck was about seventy-five feet away, whereupon the plaintiff reduced his speed and proceeded into the intersection, and when he reached the center thereof the truck was about fifty feet to his right and had not reduced its speed. The plaintiff then increased his own speed slightly and was almost across the intersection when the truck struck his car in the rear. If the two had reached the intersection at approximately the same time, the truck would have had the right of way, being on the plaintiff's right-hand side (General Statutes, § 1639); but the plaintiff had entered the intersection and proceeded some distance into it before the truck entered it and the jury could reasonably have found that, in the exercise of reasonable care, he was justified in so doing and, if they so found, the

plaintiff would have had the right of way over the truck. *Neumann* v. *Apter*, 95 Conn. 695, 701, 112 Atl. 350; *Jackson* v. *Brown*, 106 Conn. 143, 146, 137 Atl. 725. If he had the right of way, he was entitled to assume that the driver of the truck would grant it to him and have the truck under control so that the plaintiff could proceed through the intersection, in the exercise of reasonable care, without interference. *Woodhull* v. *Connecticut Co.*, 100 Conn. 361, 124 Atl. 42; *Rohde* v. *Nock*, 101 Conn. 439, 126 Atl. 335; *Hoyt* v. *Connecticut Co.*, 107 Conn. 160, 163, 139 Atl. 647; *Sutton* v. *Hauk*, 108 Conn. 9, 12, 142 Atl. 385; *Hall* v. *Root*, 109 Conn. 33, 38, 145 Atl. 46.

Whether the plaintiff, in thereafter proceeding through the intersection under the circumstances disclosed, was in the exercise of reasonable care was a question upon which reasonable men might differ. We cannot concur in the view that the conduct of the plaintiff was contributorily negligent as matter of law.

The complaint contained no allegation affording a basis for the introduction of evidence that the defendants' brakes were defective and the exclusion of evidence to that effect was proper.

There is error and a new trial is ordered.