PHILIP H. FITZHUGH *vs.* WILLIAM R. BUSHNELL ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 5th—decided July 16th, 1934.

*Arthur T. Keefe,* for the appellant (named defendant).

*Perry J. Hollandersky,* with whom, on the brief, was *Foster K. Sistare,* for the appellee (plaintiff).

*Samuel M. Gruskin,* for the appellee (defendant White).

MALTBIE, C. J.   The plaintiff brought this action to recover damages for injuries suffered when the automobile in which he was riding as a passenger for hire, driven by the defendant White, came into collision with an automobile driven by the defendant Bushnell. White filed a cross-complaint against Bushnell and Bushnell filed one against White.   The jury rendered verdicts that the plaintiff recover damages against Bushnell alone, that the defendant White recover damages against the defendant Bushnell and for the defendant White upon Bushnell's cross-complaint against him.   Bushnell moved to set the verdicts aside and has appealed from the denial of these motions.

The collision occurred at the intersection of the Boston Post Road and Main Street in Saybrook.   The Post Road runs at this point at almost right angles to Main Street, in an easterly and westerly direction, and the paved portion, which turns to the north, comes into Main Street at an acute angle, so that the intersection of the streets covers considerable distance. The jury might have found the following facts:   When White's car, proceeding in a southerly direction, was well within the intersection, Bushnell came to it from the west.   Bushnell saw White's car approaching when it was some distance away, but was uncertain whether it was going to turn west on the Post Road or keep on south.   Bushnell was going at a very moderate speed and could have stopped his car in a very short distance.   Instead of stopping and without giving any signal he proceeded into the intersection, coming directly in front of White's car, at a distance of only a few feet.   Bushnell was following two other cars which passed to the right of White and obscured his view of Bushnell's car.   When White saw the car coming it was only a few feet in front of him.   He applied his brakes, which locked the wheels of his car, and he lost control

of it. Bushnell tried to avoid the collision by going further to his right of the highway and when the two cars finally came together, Bushnell's car was in part off the traveled portion of the highway, on the east margin of Main Street. While Bushnell was on White's right and so, if the cars had been approaching the intersection at approximately the same time, would have had the right of way, in fact he did not have it because White was already well within the intersection when Bushnell came to it. The jury might have reasonably found that Bushnell was negligent in proceeding into the intersection as he did, in front of White's car, without stopping and without giving any signal. As far as White is concerned, he had the right to assume that the driver of any car coming to the intersection from the west when he was already passing through it would exercise reasonable care to avoid a collision; his explanation of his failure to see Bushnell's car until it was close in front of him might have been accepted by the jury; and they might have found that, confronted as he was by an emergency, his conduct measured up to the standard of a reasonably prudent person in such a situation as he was in. *Jackson* v. *Brown,* 106 Conn. 143, 146, 137 Atl. 725; *Brangi* v. *Marshall,* 117 Conn. 675, 168 Atl. 21. There is nothing in the situation disclosed by the evidence to charge the plaintiff with any negligence. The motions to set aside the verdicts were properly denied.

The appellant assigns error in a portion of the charge in which the trial court instructed the jury as to a record of a criminal prosecution of White before a justice of the peace for a breach of the motor vehicle law growing out of the accident. To the charge contained in the complaint White pleaded guilty. The exhibit had been admitted without objection, it being claimed that the plea was to a charge of violating the

statute governing the right of way at street intersections. The trial court in its charge told the jury that on examining it thereafter, it had found that it was a general charge of violation of the rules of the road and hence White's plea could not be regarded as an admission of a breach of the particular rule governing the right of way at street intersections; and the court withdrew the exhibit from the jury's consideration, although it left it for them to determine upon the other evidence in the case whether White did plead guilty to a charge of breach of that particular rule. It is not claimed that the trial court erred in its charge that the plea of guilty appearing in the complaint could not properly be regarded as an admission of a breach of any particular rule of the road. *Zenuk* v. *Johnson,* 114 Conn. 383, 388, 158 Atl. 910. That the trial court had the right to instruct the jury to disregard evidence which, though admitted without objection, was essentially lacking in probative effect, accords with our conception of the function of a judge in the trial of a case. *Strong* v. *Carrier,* 116 Conn. 262, 263, 164 Atl. 501. The particular circumstances upon which the appellant relies as showing that in this instance the action of the trial court worked injustice to him are not supported by the finding, by which alone we test the charge. *Porter* v. *Taylor,* 107 Conn. 68, 72, 139 Atl. 649.

There is no error.

In this opinion the other judges concurred.