OLIVE MATHIS *vs.* SYLVESTER BZDULA ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued October 6th—decided November 6th, 1936.

*James A. Dougherty,* with whom, on the brief, was *William C. Strong,* for the appellant (plaintiff).

*Martin E. Gormley,* with whom was *Adrian W. Maher,* for the appellees (defendants).

MALTBIE, C. J.   This action arises out of a collision between an automobile being operated by the plaintiff and a truck driven by the defendant Bzdula as the agent and employee of the defendant The Lee Construction Company.   The collision occurred at the junction of Glenville Road and Riversville Road in Greenwich.   As the cars approached the intersection the defendants' truck was upon the right of the plaintiff.   The defendants claimed that the truck had the right of way under the statute, which provides that where two cars approach an intersection at approxi-

mately the same time, the car approaching from the right shall have the right of way. General Statutes, Cum. Sup. 1935, § 636c. The plaintiff, on the other hand, claimed that she had passed more than half way through the intersection when the truck entered it and that she therefore had the right of way under the rule set forth in *Jackson* v. *Brown,* 106 Conn. 143, 137 Atl. 725; *Camarotta* v. *Kling,* 108 Conn. 602, 604, 143 Atl. 881; *Brangi* v. *Marshall,* 117 Conn. 675, 168 Atl. 21, and *Fitzhugh* v. *Bushnell,* 118 Conn. 677, 679, 174 Atl. 80. It thus became material in the case to determine what constituted the intersection of the highways within the statutory provision.

The nature of the intersection is shown in the accompanying diagram. The circular area in the center of the space where the two roads join is raised above

their level and is not open to traffic. Traffic going in both directions passes between this circular area and the highway bound opposite. The trial court correctly charged the jury that the presence of this circular area in effect created separate highways. The plaintiff had come in a northerly direction along Glenville Road and was proceeding through the intersection to continue westerly on that road. The defendants' truck had come in a southerly direction along Riversville Road and was proceeding to the east of the circular area to go southerly on Glenville Road. For the purposes of this case, therefore, the intersection in question was made by Riversville Road regarded as passing to the east of the circular area and Glenville Road passing to the west of it, the two highways intersecting southerly of that area.

We have defined the intersection of the two highways as meaning the space common to both. *Neumann* v. *Apter,* 95 Conn. 695, 702, 112 Atl. 350. In cases where the highways ran substantially at right angles to each other and their bounds were straight lines, we have said that the intersection was the space included within the lines of both extended to cross each other. *Bettilyon* v. *Smith & Son, Inc.,* 96 Conn. 16, 20, 112 Atl. 649; *Rohde* v. *Nock,* 101 Conn. 439, 443, 126 Atl. 335. This result does not come merely from the application of a mathematical formula. The underlying purpose of the statutes concerning the right of way at intersections is to prevent automobiles coming into collision; they are essentially regulations of traffic; and, if their meaning is not definitely settled by the language used, they are to be interpreted in the light of their application to traffic moving over the highways. The basis of the inclusion in an intersection of the space formed by the extension of the lines of two streets which meet virtually at right angles, is the fact

that it may naturally be expected that all that space may be used by traffic proceeding through the intersection, whether upon one or the other of the highways or turning from one into the other. There is no peculiar sanctity attached to the application of a mathematical formula in order to determine the space included within an intersection, but regard must be had to the courses which traffic passing in the various directions through it may normally be expected to take. See *Kurtz* v. *Morse Oil Co.*, 114 Conn. 336, 341, 158 Atl. 906.

Where an intersection of highways is in the form of the one now before us, in the general shape of the letter "Y" but with all the highway bounds about it curved, obviously no formula based upon the projection of these lines can be expected to serve the purpose intended by the statute. As regards Glenville Road, southerly of the junction, the intersection would begin at the point where the highway to the reasonable perception of a driver, started to widen by the outcurving of the bounds to pass about the junction. As regards cars coming southerly on Riversville Road as they pass to the east of the circular area to enter Glenville Road, the beginning of the intersection would be a line commencing at a point on the southerly side of the circumference of the circular area substantially opposite the entrance of Glenville Road into the intersection, and running in a general southerly direction in a curve along the easterly edge of that course which vehicles proceeding northly through the junction along Glenville Road might normally be expected to take, until the line meets the highway boundary on the east. While this latter line could not be stated with mathematical accuracy, the application of the criterion we have indicated would enable the trier to determine its location with a reasonable degree of certainty.

With reference to the space to be included in the intersection in the instant case, the trial court charged the jury as follows: "The term intersection of a street or public highway in this statute means the space of the street or highway common to both streets or highways. I deliberately do not attempt to define or point out in words the space in this case which is an intersection of these two highways. You will note from Exhibit A [a map of the intersection] that all of the lines are curved lines. Any line extending from one of those lines is a tangent, and cannot be drawn at angles except as measured in degrees. There is no evidence in this case of a technical nature, or of any nature, which permits the definition of intersection as it applies to the space appearing on Exhibit A, the map. You have heard the evidence, the oral evidence from the witness stand. You have had before you the map, Exhibit A. You have before you two photographs, Exhibits B, C, 1 and 2. In order to define according to law the space which is the intersection of those two highways it would have to be done in feet and degrees. I, therefore, give you simply the general definition of an intersection, which I repeat, that it means the space of the street or highway common to both streets or highways. And from the exhibits in the case, the map and the photographs, and from the oral evidence, I charge you that it is your duty to find as a question of fact where that space is in this case." While the precise location of the lines indicating the beginning and ending of the intersection would necessarily have to be decided by the jury as a question of fact, the trial court, without resort to any mathematical formulae, could have given the jury a reasonably adequate basis upon which to determine the location of those lines. Lacking that, the charge failed to afford the jury reasonable guidance in the de-

termination of the space which constituted the inter-section of the highways. *Hensen* v. *Connecticut Co.,* 98 Conn 71, 74, 118 Atl. 464. As such a determination was material to the decision of one of the principal issues of the case, we cannot regard the charge other-wise than as constituting reversible error.

There is error; the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.