OLGA KLEPS *v.* GEORGE DWORKIN ET AL.
PATRICK J. GAROFANO *v.* GEORGE DWORKIN ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued March 7—decided April 4, 1941.

*Philip Reich,* with whom was *Milton H. Hausman,* and, on the brief, *Samuel Reich,* for the appellants (plaintiffs).

*George N. Foster,* for the appellees (defendants).

AVERY, J.   These cases arose out of a collision between two automobiles near the southeast corner of the intersection of Waldemere and Iranistan Avenues in the city of Bridgeport.   The collision occurred about one-half hour after midnight on August 30, 1939.   The cases were tried together before the court and jury and resulted in verdicts for the defendants, from which the plaintiffs have appealed, assigning as error the denial by the trial court of their motions to set aside the verdicts in favor of the defendants and also claimed error in the charge.   From the evidence, the jury might reasonably have found the following facts: The plaintiff Garofano, a young man twenty years of age, accompanied by three other young people of about the same

age, was operating an automobile in an easterly direction on Waldemere Avenue. As he approached its intersection with Iranistan Avenue, he noticed the defendants' car approaching, traveling northerly on that avenue at a rate of speed greater than that of the plaintiff's car. Garofano, nevertheless, continued to drive through the intersection and when he had arrived at a position in its southeast quadrant, his car was struck in the right rear by the defendants' car proceeding northerly with its right side not more than five feet from the easterly edge of the road. The plaintiffs' driver at no time looked to the right to observe the approach of the defendants' car from the time that he crossed the westerly crosswalk until the impact on the easterly side. Waldemere Avenue in the vicinity of the intersection is a very dark street, having rows of trees and bushes on both sides. The lights on the plaintiffs' car were not lighted and while the driver of the defendants' car looked to his left when he had almost reached the intersection, he did not see the car in which the plaintiffs were riding until the moment of collision, when he applied his brakes but too late to avoid striking the car of the plaintiffs. The defendants' car was proceeding at a speed of about fifteen to twenty miles an hour.

The fundamental claim of the plaintiffs on their appeals from the denial of their motions to set aside the verdict is two-fold: (1) That the operator of the defendants' car was negligent as a matter of law in not granting the plaintiffs' car the right of way inasmuch as it was the first to enter the intersection, and (2) that he was negligent as a matter of law in not seeing the plaintiffs' car until the moment of the collision.

The contention that the plaintiffs' car had the right of way as a matter of law is not sound. "In determining whether two vehicles are 'arriving at [an] intersection

at approximately the same time,' as those words are used in § 636c, the test is whether a man of ordinary prudence, being placed in the situation of the driver approaching the intersection upon the left of the other, would reasonably believe, in the exercise of due care, that if the two automobiles continued to run at the rate of speed at which they were running, their continuance upon their course would involve the risk of a collision." *McNaught* v. *Smith,* 127 Conn. 450, 453, 17 Atl. (2d) 771; *Hall* v. *Root,* 109 Conn. 33, 36, 145 Atl. 36; *Neumann* v. *Apter,* 95 Conn. 695, 701, 112 Atl. 350. It was a question of fact for the jury to decide, under proper instructions from the court, which automobile had the right of way. It is conceded by both sides that the instructions of the trial court upon this point were correct.

From the east to the west side of the intersection was approximately seventy feet. Behind the curb, on the southeast corner, is a light. There was testimony that the headlights on the plaintiffs' automobile were not lighted. If the jury found, as they might have done, that the operator of the defendants' car had the right of way, he was entitled to assume that any car approaching from his left would yield it until as a reasonable man he was charged with knowledge to the contrary. *McNaught* v. *Smith,* supra, 454. It was a question of fact for the jury whether he should have seen the other car coming out of a dark street without its headlights showing in time to have avoided the accident. The cases relied upon by the plaintiffs are not in point as to their facts. In *Hizam* v. *Blackman,* 103 Conn. 547, 131 Atl. 415, a pedestrian crossing a street at night was held guilty of contributory negligence in failing to see an approaching automobile with headlights aglow. In *Carlin* v. *Haas,* 124 Conn. 259, 264, 199 Atl. 430, it was held that a plaintiff approach-

ing an intersection upon a straight road in the day time in clear weather, with good visibility and no other traffic, who failed to see another car approaching from the opposite direction, considering the speed at which both cars were proceeding, was negligent.

In the plaintiffs' complaint, it was alleged, among other things, that the defendants' driver failed to keep a reasonable lookout for persons or vehicles crossing the intersection. The plaintiffs contend that the instructions of the court were inadequate upon this point. The jury were informed by the trial court that this allegation required proof simply of a failure to use reasonable care, the care of an ordinarily prudent person, with regard to observation. Elsewhere, the court defined negligence as a failure to use the care of an ordinarily prudent person in like circumstances, and reiterated that the test always is what an ordinarily prudent person would do in like circumstances. The court further informed the jury that neither driver could take close chances and that both were required to make reasonable use of their senses to observe the approach of vehicles and to control their respective automobiles so as not to risk collision, and that when reasonable care requires an operator must slow down or sound a horn; and, further, that the defendant was required to use reasonable care as to observation and operation as he approached the intersection. The trial court further instructed the jury at length concerning the right of way when vehicles arrive at an intersection at approximately the same time, and informed them that even if the defendant, as the person on the right, had the right of way, that fact would not permit him to run into the plaintiffs' automobile if by the use of reasonable care he could have avoided doing so. The plaintiffs now urge that the trial court should have added to these instructions a statement that a person

is charged with knowledge of conditions which he can observe by the ordinary use of his senses, whether or not he does in fact observe them. While such an addition to the instructions would have been correct enough, *Geoghegan* v. *Fox & Co., Inc.,* 104 Conn. 129, 138, 132 Atl. 408; *Seabridge* v. *Poli,* 98 Conn. 297, 301, 119 Atl. 214, nevertheless, the plaintiffs are not entitled to a new trial because it was not given. The matter was fairly covered in the charge and where no requests for instructions to the jury are filed, if the charge is adequate for their guidance upon the issues presented, error cannot be predicated upon the failure of the court to give a specific instruction upon some particular phase of the case. *Mavrides* v. *Lyon,* 123 Conn. 173, 176, 193 Atl. 605; *Parker* v. *Hartford,* 122 Conn. 500, 505, 190 Atl. 866.

There is no error.

In this opinion the other judges concurred.