LILLIAN ALDERMAN ET AL. *v.* JAMES KELLY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 5—decided April 20, 1943.

*Isadore Chaplowe,* with whom was *Vincent P. Dooley,* for the appellant (defendant).

*Joseph Weiner,* for the appellees (plaintiffs).

ELLS, J. Two cars collided within the intersection of the Boston Post Road and North Street in Milford. There had been a heavy rainstorm just prior to the collision and the pavements were wet. Visibility was poor. The car driven by the plaintiff Samuel Alderman, in which the named plaintiff was riding, was pro-

ceeding easterly on the Post Road at a reasonable rate of speed, and was straddling the center line of the two southerly lanes. The defendant was driving northerly on North Street, so that when his car entered the intersection it was upon the plaintiffs' right. On the Post Road at this intersection there are four traffic lanes, each ten feet wide. The two east-bound lanes are separated from the west-bound lanes by grassplots or islands except at the intersection; that is, there are grassplots in the middle of the Post Road east and west of the sides of North Street as extended across the Post Road. The pavement of the Post Road was of white concrete. North Street has a dark macadam surface and is twenty-five feet wide. Prior to the collision the defendant had been wiping the inside of his part of the windshield every two or three minutes. These facts are not disputed.

The plaintiffs claimed that the defendant was negligent as to speed, control and lookout, and that their car was already well into the intersection when the defendant's automobile entered it, and was leaving it when the defendant's car collided with their car. A police officer driving a car was following the Alderman automobile at a distance of about one hundred feet. He saw the collision and the events leading up to it. The court, adopting his testimony as that of an observant and disinterested witness, found that the defendant's car came out of North Street into the intersection at a speed of forty-five to fifty miles per hour, which was unreasonable and excessive under the circumstances. This finding has not been attacked. The court also found that the defendant did not reduce his speed before entering the intersection; that he did not see the plaintiffs' car until his car struck it; that he did not recognize the Post Road as he entered it, although he had crossed the same intersection in the

morning; and that, as he approached it, he gave no warning signal and failed to keep a reasonable lookout for other cars. There is evidence reasonably supporting these findings, and they must stand. They clearly establish negligence on the part of the defendant.

The defendant was on the plaintiffs' right, and relies on General Statutes, Cumulative Supplement 1939, § 544e(a). The trial court found, however, that the rear of the Alderman car was at the center of the intersection before the defendant's automobile reached the most southerly lane of the Post Road. This finding has been attacked. The evidence was conflicting and confusing. We cannot say that the court could not reasonably have found as it did. It was entitled to draw reasonable inferences based on the evidence. We are unable to hold, as matter of law, that the defendant's car, although on the right of the Alderman car, had the right of way. *Neumann* v. *Apter,* 95 Conn. 695, 701, 112 Atl. 350; *Jackson* v. *Brown,* 106 Conn. 143, 146, 137 Atl. 725; *Fitzhugh* v. *Bushnell,* 118 Conn. 677, 679, 174 Atl. 80. It does not appear that Alderman failed to exercise proper care under the circumstances.

Alderman did not see the defendant's car until the moment of the collision. In view of the other subordinate facts we cannot hold as a matter of law that this constituted contributory negligence. Such negligence is ordinarily a question of fact to be determined by the trier. It is such in this case.

The court awarded Lillian Alderman $6000 for pain and suffering, past, present and future, $655.10 for domestic assistance and $1114.35 for reasonable medical and hospital services. The defendant challenges the first item. It is undisputed that this plaintiff was in the hospital thirty-one days and that she received a concussion of the brain causing severe pain and head-

aches, dizziness and nausea, a severe contusion of the right elbow with a fracture of the exostosis of the ulna, and contusions of the right shoulder, hip and hand. A specialist operated on the fracture. Another performed a spinal tap and concluded that there was some edema or swelling of the brain as a result of the injury. The court found that at the time of trial she was unable to close her right hand completely. It made other findings as to future injuries which stretched the evidence in several respects, but any changes we could make would not materially affect the conclusion. The defendant's principal claim is that many of her troubles were due to menopause. The court found that she had already passed through most of that condition and that her headaches and dizziness were a result of the injuries she received in the collision. There is medical evidence which reasonably supports this conclusion. A careful review of the entire medical testimony assures us that the damages awarded for the items in question were not excessive.

There is no error.

In this opinion the other judges concurred.