DAVID F. D. A. SMITH *v.* RICHARD I. USHER.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 2—decided June 23, 1943.

*Isaac J. Kunik,* for the appellant (plaintiff).

*Albert B. Walker,* with whom was *Peter J. May,* for the appellee (defendant).

PER CURIAM. No material corrections can be made in the finding. The plaintiff was operating a motorcycle in a westerly direction on North Main Street, Manchester. The defendant was driving a passenger

car in the opposite direction on the same road. They collided at an intersection where the Tolland Turnpike enters North Main Street from the northeast. The defendant had been following another eastbound car. The operator of this car indicated with his hand an intention to turn left into the Tolland Turnpike and proceeded to do so, bearing to the left of the center line. The defendant gave a similar signal and started to follow the car ahead. In so doing he proceeded somewhat to his left of the center line of the highway. The plaintiff was approaching the intersection at about forty-five miles per hour, but was hidden from the defendant's view by the car between. This car was abruptly turned to its right, disclosing the presence of the motorcycle to the defendant for the first time. The defendant applied his brakes and turned to his left and his car was practically at a standstill when it was struck by the motorcycle north of the center line of North Main Street.

On these facts the trial court found that, while the defendant had failed to keep to the right of the center of the intersection while turning to his left, this was not a proximate cause of the collision, and also found that the plaintiff was guilty of contributory negligence. The main contention of the plaintiff in his brief is that he had the statutory right of way and, therefore, there was no contributory negligence. The determination of this question is decisive of the case.

From the subordinate facts found it appears that the plaintiff was familiar with the intersection; that he had unobstructed visibility of it for several hundred feet as he approached it and saw or reasonably should have seen the defendant within it, making a left turn; and that he thereafter approached the intersection at the rate of speed of forty-five miles per hour. The trial court has found that the plaintiff did

not have the right of way; but it has found him negligent and reference to the memorandum of decision shows that it reached this conclusion even upon an assumption that he did have the right of way. Though he did have it, he was bound "to operate his car as a reasonably prudent person with the knowledge that he had the right of way would operate his car under like circumstances." *Jackson* v. *Brown,* 106 Conn. 143, 146, 137 Atl. 725; *Carlin* v. *Haas,* 124 Conn. 259, 264, 199 Atl. 430; s. c., 126 Conn. 8, 14, 8 Atl. (2d) 530. It was a question of fact for the trial court to decide whether or not he used such care.

There is no error.