SERVICE FIRE INSURANCE COMPANY ET AL. *v.* ABRAHAM
BRODNER.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 4—decided June 29, 1943.

*Maxwell H. Goldstein,* for the appellants (plaintiffs).

*Francis J. Moran,* with whom was *John E. McNerney,* for the appellee (defendant).

MALTBIE, C. J. The plaintiff Gerard and the defendant operated cars which collided on March 23, 1942, at the intersection of Ellsworth and Edgewood Avenues in New Haven. The plaintiffs, appealing from a judgment for the defendant, assign error in the finding and the conclusions of the trial court based thereon. The finding is supported by the evidence.

The facts are these: Edgewood Avenue runs east and west and Ellsworth Avenue, north and south. The defendant had been following a bus going west on Edgewood Avenue toward the intersection. Gerard was driving south on Ellsworth Avenue toward the intersection at a speed of twenty to twenty-five miles per hour. The bus stopped at the easterly crosswalk of Ellsworth Avenue on Edgewood Avenue. The defendant passed to its left and entered the intersection slightly before Gerard at a rate of speed of about fifteen miles per hour. The defendant first saw Gerard's car when his own car was near the center of the intersection. When Gerard was some distance from the intersection, he saw the bus stopping at the crosswalk. He did not see the defendant's car, which, at that time, was beyond the bus. He slackened his speed somewhat until he saw that the bus had stopped, whereupon he proceeded into the intersection. He had gone about nine feet into the intersection when his car struck the right rear of the defendant's car, which he had failed to observe until collision was imminent. The defendant's car at that time had proceeded twenty-one feet into the intersection. Ellsworth Avenue is thirty-six feet wide and Edgewood Avenue twenty-seven feet wide. The trial court's conclusion was that both Gerard and the defendant were negligent in entering the intersection, with view obstructed by the standing bus, without so reducing speed and exercising such caution and lookout as to avoid the accident.

Upon the finding, the situation of both drivers, in entering the intersection, was in all respects essentially the same. Both were proceeding at a speed not found to be excessive, and the vision of both was so obstructed by the bus that neither saw the other until he was in the intersection. The trial court, as appears from its conclusion stated above and its memorandum of deci-

sion, evidently applied to both the same test to determine whether they were negligent. But the plaintiffs' car was approaching the intersection upon the right of the defendant at approximately the same time, and it therefore had the right of way. General Statutes, Cum. Sup. 1939, § 544e. "That means that [it] had precedence in passing through and the right not to be hindered, obstructed or delayed by any person who could reasonably avoid doing so." *Foote* v. *E. P. Broderick Haulage Co.*, 123 Conn. 296, 298, 195 Atl. 191. To be sure, its driver, in exercising his right of way, was bound to operate his car as would a reasonably prudent person "with the knowledge that he had the right of way"; *Carlin* v. *Haas*, 124 Conn. 259, 264, 199 Atl. 430; s. c., 126 Conn. 8, 14, 8 Atl. (2d) 530; but he had the right to assume, until he knew or should have known to the contrary, that a car approaching from the left would yield the right of way to him; *Kleps* v. *Dworkin*, 127 Conn. 648, 651, 19 Atl. (2d) 421; "whether he was guilty of contributory negligence could only be determined in the light of that assumption"; *McNaught* v. *Smith*, 127 Conn. 450, 454, 17 Atl. (2d) 771. On the other hand, it was the duty of the defendant to yield the right of way; *Neumann* v. *Apter*, 95 Conn. 695, 700, 112 Atl. 350; *Friedman* v. *Cunningham*, 104 Conn. 737, 132 Atl. 401; and the fact that the bus obscured his view of any car approaching from his right would require of him care in proportion to the danger of the situation. *Bruce* v. *Bitgood*, 113 Conn. 783, 784, 156 Atl. 859. Obviously, the test of proper care to be applied in the case of Gerard was quite different from that to be applied to the defendant. Had the trial court found that, under the principles we have stated, Gerard was negligent in not seeing the defendant's car emerging from behind the bus and not thereafter stopping his car in

time to avoid the collision, and that this negligence was a proximate cause of the collision, we would have a very different situation; but that was obviously not the basis upon which the trial court found contributory negligence.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.