This action, having been once tried, with a defendant's judgment reviewed and reversed by the Supreme Court of Errors (130 Conn. 223), it becomes unnecessary to relate, with great particularity, the factual background. By way of summary, the plaintiff Service Fire Insurance Company of New York on March 23, 1942, carried a collision insurance policy on the motor vehicle of the plaintiff Charles Gerard and by reason of its collision with the defendant's automobile paid to Gerard a collision loss of $234.59.
The collision occurred at the intersection of Ellsworth Avenue and Edgewood Avenue, public highways of the City of New Haven, on the above date. Gerard, traveling south on Ellsworth Avenue, claims as he approached its intersection with Edgewood Avenue, a Connecticut Company bus, headed westerly on Edgewood Avenue, stopped at the northeasterly curb to discharge passengers. Almost immediately thereafter, the defendant's vehicle also proceeding westerly on Edgewood Avenue, passed to the left of the parked bus to enter the intersection wherein occurred the crash.
That the defendant was negligent is a conclusion concerning which there can be little controversy. His act of passing to the left of a parked bus, at a speed of approximately 20 miles per hour, without giving any warning of his intention to enter the intersection of Ellsworth and Edgewood Avenues, amounted to something less than the due care which the law expects and requires. Further, the defendant was under a duty to foresee that serious damage might flow from his careless failure to warn of his approach.
"The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised." Orlo vs. Connecticut Co., 128 Conn. 231, 237.
Section 544e of the 1939 Supplement to the General Statutes provides, in part: "Each driver or operator of a vehicle approaching any intersecting public street or highway shall grant the right of way at such intersection to any vehicle approaching from his right, provided such vehicles are arriving at such intersection at approximately the same time."
The duty of the driver of a car to give the right of way *Page 239 
at an intersection to another car approaching from his right arises "if a man of ordinary prudence in his situation, in the exercise of due care, would reasonably believe that if the two automobiles continued to run at the rate of speed at which they are then running, such continuance of their course would involve the risk of a collision." Neumann vs. Apter,95 Conn. 695, 701.
Obviously the plaintiff Gerard was approaching the controversial intersection on the right of the defendant. Whether the vehicles arrived at the intersection "at approximately the same time," within the aforesaid statutory intendment, so as to confer Mr. Gerard a right of way is a factual dispute which must be resolved in his favor.
Having obtained permission of counsel, I examined, with considerable care, the intersection and its approaches. Mr. Gerard's recital of the details of the crash appears thoroughly consistent with the physical lay-out of the intersection. And I am able to find that after having entered the intersection, he traversed approximately one-half its width before the defendant's vehicle, screened as it undoubtedly was by the stationary bus, suddenly appeared to move into the intersectional area. Thus, on this finding, there can be no doubt but that Mr. Gerard acquired a right of way which was not accorded him by the defendant. This failure to grant the right of way constituted an additional negligent act, which was the proximate cause of the resulting damage.
The defendant has attempted to tax Mr. Gerard with such contributory negligence as could be said to be a substantial factor in causing the collision, having incorporated these allegations in a special defense. Under section 1399e of the 1939 Supplement to the General Statutes, Mr. Gerard is presumed to have been in the exercise of due care and the burden of rebutting this presumption rests on the defendant. I am unable to conclude that this burden has been met by the better evidence.
 Judgment may enter for the plaintiff, Service Fire Insurance Company of New York, to recover of the defendant damages in the amount of $234.59; interest from March 23, 1942 to date in the sum of $23.20; and taxable costs.