KENNETH A. PECKHAM *v.* ETHEL KNOFLA ET AL.
ALBERT KNOFLA *v.* KENNETH A. PECKHAM.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 3—decided March 10, 1944.

*DeLancey Pelgrift,* for the appellant (plaintiff and defendant Peckham).

*Robert P. Butler,* with whom were *Robert L. Halloran* and, on the brief, *Paul Volpe,* for the appellees (defendants and plaintiff).

DICKENSON, J. These were cross-actions brought by the operators of motor vehicles involved in an intersection collision, each claiming that the other's negligence caused the collision. The cases were tried together. A verdict for the plaintiff was returned in *Knofla* v. *Peckham* and a defendant's verdict in the other case. Peckham has appealed from denial of his motions to set aside the verdicts and from the judgments rendered, assigning error in the charge.

The jury reasonably could have found the following facts: Parker Street in Manchester runs north and south and is intersected by Lydall Street, which runs east and west. The intersectional space is irregular in shape, Parker Street north of the intersection being offset to the west, and all four corners having sweeping curves. Knofla, driving north on Parker Street toward the intersection at about twenty-five miles an hour, looked to his right as he approached the intersection and slowed down to about twenty miles an hour. He could see about one hundred feet on Lydall Street and no car was in sight. He entered the intersection, looking to his left for traffic from that direction, and seeing none looked again to his right at about the middle of the intersection and saw Peckham's car about thirty-five or forty feet away coming very fast. The collision followed immediately. Peckham's car struck Knofla's car on the right side and both cars were demolished by the force of the collision. Peckham contends that the statement of Knofla that he saw no car approaching from his right was qualified by his further assertion that this was because of a steep grade which other evidence showed to have been

one hundred and thirty, rather than one hundred, feet away, and that computations based upon this distance and the estimated speed of the cars and point of collision showed that Peckham's car must have traveled six times as fast as Knofla's—a patent absurdity. Peckham claims that on this evidence his car must have been within the vision of Knofla as he was about to enter the intersection and he was negligent as a matter of law in attempting to pass through it. The jury could have found that Peckham was traveling at a high rate of speed, and upon all the evidence we may not say that they were not justified in finding that Knofla reasonably might have believed that no car was near enough on his right to involve the risk of collision as he entered the intersection. The court was not in error in denying the motion to set aside the verdicts.

Both complaints alleged as negligence a failure to grant the right of way. Peckham contends that the trial court erred in its charge in that the court left the determination of the right of way of each to the jury as a question of fact without regard to the statute, whereas it was fixed by statute and the statute gives no right of way to the operator having the other on his right. The applicable portion of the statute (General Statutes, Cum. Sup. 1939, § 544e) is as follows: "Each driver or operator of a vehicle approaching any intersecting public street or highway shall grant the right of way at such intersection to any vehicle approaching from his right, provided such vehicles are arriving at such intersection at approximately the same time. . . ." Interpreting the phrase "arriving at such intersection at approximately the same instant [time]," we said in *Neumann* v. *Apter,* 95 Conn. 695, 701, 112 Conn. 350, that the operator having the other on his right must "give such approaching automobile

the right to cross the intersection before him, if a man of ordinary prudence in his situation, in the exercise of due care, would reasonably believe that if the two automobiles continued to run at the rate of speed at which they are then running, such continuance of their course would involve the risk of a collision. In such case they are arriving at such intersection at approximately the same instant. If, on the contrary, a man of ordinary prudence in such situation, in the exercise of due care, would reasonably believe that if the two automobiles continued to run at the rate of speed at which they are then running, such continuance would not involve the risk of a collision but would carry his automobile across the intersection . . . in safety in front of the automobile approaching from his right, then the automobile from the left would not be negligent in crossing the intersection in front of the automobile approaching from the right."

In the first situation the operator on the right has the statutory right of way. In the second situation the operator on the left has the right of way or right to proceed because the statute is not applicable, the cars not arriving at approximately the same time. The *Neumann* case was one where the driver on the other's left saw the lights of the car on his right, but these were far away, he could not tell the car's speed and reasonably could assume he had time to pass. The rule we there pronounced related to a situation where the car on the right was seen by the driver on the left. As a corollary to these rules, it may be said that, where the operator having the other on his right does not see, but reasonably should have seen, the approaching car and that if the cars continued at their then speed there would be danger of collision, he would be negligent if he proceeded into the intersection. This was the situation Peckham claimed existed.

Where, however, the operator on the left exercises reasonable care in lookout to his right and no approaching car is in sight, he has the right to assume that if one does approach it will do so at a reasonable rate of speed and under reasonable control until the contrary should be reasonably apparent. See *Fitzhugh* v. *Bushnell,* 118 Conn. 677, 679, 174 Atl. 80. This is the situation Knofla claimed to have existed.

The issue of fact was simple. Both cars proceeded into the intersection and the collision occurred. The question for the jury to decide was whether, at the time Knofla claimed to have looked to his right as he approached the intersection, Peckham's car was in fact in sight, approaching in a manner likely to involve collision, and Knofla did not see it. The court charged at length on the common-law duty of operators of automobiles to use due care and the right of each operator to assume the other will obey the law and comply with the statute. It quoted the pertinent part of the statute, analyzed it and adopted the language we used in *Neumann* v. *Apter* in relation to what was meant by arriving at the intersection at approximately the same time. It then charged: "There are situations and circumstances under which a car entering an intersection on the left may have the right of way over a car approaching from the right. It is a question for you under all of the circumstances that you find then and there existed to decide which car in this collision had the right of way." The court followed this immediately with a charge that "When two cars are approaching an intersection . . . if the car on the left enters . . . first, and proceeds for some distance before the car on the right enters . . . and if a man of ordinary prudence, being placed in the situation of the driver on the left would reasonably believe, in the

exercise of due care, that his course would not involve the risk of collision, then in such a case you can reasonably find that the driver on the left had, in fact, the right of way."

There is but one statutory right of way. This the vehicle on the right has if the prescribed statutory conditions exist at the time. But the expression "right of way" is commonly used interchangeably with the right to proceed. *Jackson* v. *Brown,* 106 Conn. 143, 146, 137 Atl. 725, and see 2 Blashfield, Cyc. of Auto Law, notes pp. 137 et seq. It was in this sense that the trial court used it, for it stated that "The statute, however, does not mean that a car on the right always has the right of way," and followed this by pointing out that the car on the left might "in fact" have the right of way under the second proposition in *Neumann* v. *Apter,* supra, that is, when the operator of that car may reasonably believe that to proceed will not involve the risk of collision.

The court's charge in relation to Peckham's claim that he had a right to assume that the statutory right of way would be yielded to him was involved, but it cannot be said that he was harmed thereby, in view of the earlier analyses of the statutory provisions by the court. The jury was told, in substance, that Peckham had the right to assume that Knofla would yield him the right of way until the contrary reasonably appeared, when the assumption was no longer justified. *Fitzhugh* v. *Bushnell,* supra.

Read as a whole the charge gave adequate instruction to the jury. "It was a question of fact for the jury to decide, under proper instructions from the court, which automobile had the right of way." *Kleps* v. *Dworkin,* 127 Conn. 648, 651, 19 Atl. (2d) 421.

There is no error.

In this opinion MALTBIE, C. J., JENNINGS and ELLS, Js., concurred.

BROWN, J. (dissenting). I disagree with the majority in so far as they hold that there was no reversible error in the charge to the jury.