JACK LASSOW *v.* GEORGE E. BULKLEY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued November 6, 1945—decided January 3, 1946.

*Robert L. Halloran,* with whom, on the brief, was *Thomas J. Hagarty,* for the appellant (defendant).

*Morton E. Cole,* with whom were *Israel Libby* and, on the brief, *Cyril Cole,* for the appellee (plaintiff).

PER CURIAM. Vine Street in Hartford is a through street extending in a northerly and southerly direction. Capen Street intersects it at right angles from the east and Keney Terrace, which is a continuation of Capen Street, intersects it from the west. Both of the latter are stop streets, so-called. On the afternoon of June 10, 1941, as the plaintiff was driving an automobile southerly on Vine Street, it collided in the intersection with the car of the defendant as he was driving westerly, having emerged from Capen Street. The plaintiff sustained personal injuries from the collision. These facts are not in dispute. In this action for damages there was a verdict and judgment for the

plaintiff and the defendant has appealed. Certain corrections in the finding are sought by the defendant, but as the only corrections pressed in the brief are not material to the sole issue properly before us we do not need to consider these assignments of error. While the defendant appealed from the denial of his motion to set the verdict aside, he did not assign that ruling as error and we do not need to regard it.

Error is assigned in the court's refusal to charge in accord with seven paragraphs of requests by the defendant. What is stated in *Dreher* v. *Smith,* also decided this day, concerning the same course followed by counsel in that case applies here. Of the seven paragraphs, we accordingly consider this one only: "This statute law does not mean that a car on the right in such a case always has the right of way. There are situations and circumstances under which a car entering an intersection on the left may have the right of way over a car approaching from its right." Evidently the statute referred to is § 544c, Cum. Sup. 1939, of the General Statutes, which provides that "Each driver or operator of a vehicle approaching any intersecting public street or highway shall grant the right of way at such intersection to any vehicle approaching from his right, provided such vehicles are arriving at such intersection at approximately the same time."

In its charge the court correctly defined the meaning of "intersection" and of "arriving at such intersection at approximately the same time," which it stated was the essential element in determining the right of way, that is, the right to cross before the other. It concluded its explanation by expressly stating concerning the rights of the driver on the left that if a man "of ordinary prudence in such a situation in the exercise of due care would reasonably believe that if the two automobiles continued to run at the rate of speed at

which they were then running such continuance would not involve the risk of a collision but would carry his automobile across the intersection . . . in safety in front of the automobile approaching from his right, then the automobile from the left would not be negligent in crossing the intersection in front of the automobile approaching from the right." This charge was correct. *Neumann* v. *Apter,* 95 Conn. 695, 701, 112 Atl. 350; *Rode* v. *Adley Express Co., Inc.,* 130 Conn. 274, 279, 33 Atl. (2d) 329; *Jackson* v. *Brown,* 106 Conn. 143, 146, 137 Atl. 725; *Brangi* v. *Marshall,* 117 Conn. 675, 676, 168 Atl. 21. It adequately explained the only situation where the driver on the left would have the right of way which is presented by the facts in this case, and the broader charge would have served no purpose. The court did not err in failing to comply with the requests to charge. The defendant takes nothing by the assignment of errors in the charge as given because he made no objection to it at its conclusion. Practice Book, § 156. The sole remaining assignment is that the court erred in refusing to correct the finding of facts relative to a certain ruling on evidence. As no error is assigned in the rulings on evidence stated in the finding, we do not consider them; Practice Book, § 363; Conn. App. Proc., § 97; and the correction, if made, would be immaterial.

There is no error.