ANTHONY VECCHIARELLI *v.* DANIEL E. WEISS ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued March 9—decided May 8, 1951

*Irwin E. Friedman,* with whom, on the brief, was *Arthur Levy, Jr.,* for the appellants (defendants).

*Michael J. Sicilian,* for the appellee (plaintiff).

O'SULLIVAN, J. The plaintiff sued for injuries received in an automobile accident. He had a verdict. The defendants have appealed. It is necessary to discuss only that assignment of error addressed to the charge.

The accident happened in Bridgeport at about 1:30 p. m. on December 3, 1947. It occurred within an intersection into which the plaintiff's automobile had entered from the south and the defendants' from the east. Upon the claims of proof, as corrected, the defendants were entitled to have the jury instructed on the statutory rule concerning the right of way at intersections.

Section 392i of the 1947 Supplement, now found in § 2489 of the General Statutes, provided: "Each driver or operator of a vehicle approaching any intersecting public street or highway shall grant the right of way at such intersection to any vehicle approaching from his right, provided such vehicles are arriving at such intersection at approximately the same time . . . ." The court's instructions on this statute were the following: "You have heard a lot of discussion here as to right of way, which is part of the rules of the road, and counsel have argued their respective cases for their two people. When arriving at an intersection, each of them claim, at approximately the same time . . . when that situation occurs, it is the operator approaching from the right who has the statutory right of way to proceed. That applies where the vehicles are approaching at approximately the same time and where if they proceed at the same rate of speed, there would be danger of collision, but, naturally that, as any other rule of the road, is to be analyzed from the point of view of what would be the action of the reasonably

prudent person under the same circumstances and conditions. It is a rule of the road, like lots of other rules of the road, to be applied to the situation to be evaluated from the point of view of what would the reasonably prudent man do. Taking into consideration all of the other facts, was there carelessness on the part of the driver in relying upon what he thought was his right of way, or was he justified in saying 'it is my right of way' . . . ?" At the conclusion of the charge, objection was made to the foregoing.

The statute has been before us for consideration on many occasions.[1] Its underlying purpose is to prevent collisions at intersections. *McNaught* v. *Smith*, 127 Conn. 450, 453, 17 A. 2d 771; *Mathis* v. *Bzdula*, 122 Conn. 202, 205, 188 A. 264. The statute establishes a mandatory rule of conduct for operators of all vehicles. *Andrew* v. *White Line Bus Corporation*, 115 Conn. 464, 466, 161 A. 792. It is subject to no exceptions in the absence of traffic signals or officers directing traffic. General Statutes §§ 2489, 2518. No exception was applicable in the instant case.

[1] *Crowley* v. *Dix*, 136 Conn. 97, 103, 68 A. 2d 366; *Prato* v. *Coffey*, 135 Conn. 445, 447, 66 A. 2d 113; *Squires* v. *Wolcott*, 133 Conn. 449, 455, 52 A. 2d 305; *Lassow* v. *Bulkley*, 132 Conn. 476, 477, 45 A. 2d 714; *Weimer* v. *Brock-Hall Dairy Co.*, 131 Conn. 361, 365, 40 A. 2d 277; *Peckham* v. *Knofla*, 130 Conn. 646, 648, 36 A. 2d 740; *Service Fire Ins. Co.* v. *Brodner*, 130 Conn. 223, 225, 33 A. 2d 138; *Smith* v. *Usher*, 130 Conn. 204, 205, 33 A. 2d 137; *Alderman* v. *Kelly*, 130 Conn. 98, 100, 32 A. 2d 66; *Kleps* v. *Dworkin*, 127 Conn. 648, 650, 19 A. 2d 421; *McNaught* v. *Smith*, 127 Conn. 450, 451, 17 A. 2d 771; *Mathis* v. *Bzdula*, 122 Conn. 202, 203, 188 A. 264; *Fitzhugh* v. *Bushnell*, 118 Conn. 677, 679, 174 A. 80; *Brangi* v. *Marshall*, 117 Conn. 675, 676, 168 A. 21; *Rosenberg* v. *Matulis*, 116 Conn. 675, 677, 166 A. 397; *Whipple* v. *Fardig*, 112 Conn. 402, 403, 152 A. 397; *Hall* v. *Root*, 109 Conn. 33, 35, 145 A. 36; *Camarotta* v. *Kling*, 108 Conn. 602, 604, 143 A. 881; *Jackson* v. *Brown*, 106 Conn. 143, 145, 137 A. 725; *Friedman* v. *Cunningham*, 104 Conn. 737, 132 A. 401; *Rohde* v. *Nock*, 101 Conn. 439, 443, 126 A. 335; *Bettilyon* v. *Smith & Son, Inc.*, 96 Conn. 16, 20, 112 A. 649; *Neumann* v. *Apter*, 95 Conn. 695, 699, 112 A. 350.

The arrival of the vehicles at the intersection at approximately the same time is the essential element which gives the right of way to the driver of the vehicle on the right. *Neumann* v. *Apter,* 95 Conn. 695, 701, 112 A. 350. It is true, as the court attempted to point out, that the test for resolving this element is whether an ordinarily prudent person in the position of the driver of the car on the left would reasonably believe that, if the two automobiles continued to proceed at the speed at which they were then moving, such continuance on their respective courses would involve the risk of a collision. *Neumann* v. *Apter,* supra. If, however, the application of this test determines that the two vehicles are approaching the intersection at approximately the same time, the duty of the driver on the left to yield the right of way becomes absolute. *Service Fire Ins. Co.* v. *Brodner,* 130 Conn. 223, 225, 33 A. 2d 138. On this phase of its instructions the court was in error in substituting the test of reasonable care for the mandatory requirement of the statute.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.