ALPHONSE DePALMA, JR. *v.* JOHN E. CAPPELLA ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 4—decided November 6, 1968

*Gordon R. Raynor,* for the appellants (defendants).

*Serge G. Mihaly,* with whom were *Joseph Dobrowolski* and, on the brief, *William J. McGrath,* for the appellee (plaintiff).

THIM, J. This appeal concerns a collision between two automobiles at the intersection of Leonard Road and Pembroke Road which is in a residential area in the town of Hamden. The appendices reveal that Pembroke Road runs north and south and intersects Leonard Road at right angles. At the time of the accident, there were no traffic controls or stop signs at this intersection. Both streets are thirty feet wide, straight and asphalt-surfaced.

On February 28, 1964, at about 8:20 a.m., the plaintiff was driving his automobile in an easterly direction on Leonard Road, and the defendant operator was driving an automobile, hereinafter referred to as the defendants' automobile, in a northerly direction on Pembroke Road. It was a clear day, and there was no other traffic in the vicinity of the intersection. The plaintiff testified that he first saw the defendants' automobile when the front of his own automobile was at the westerly curbline of Pembroke Road. The plaintiff was then traveling about twenty miles per hour. The defendants' automobile had already crossed the southerly curbline of Leonard Road and had entered the intersection ahead of the plaintiff's vehicle. Although the plaintiff applied his brakes and turned his car to avoid a collision, he was unable to stop in time to prevent striking the left rear fender of the defendants' automobile. The collision occurred in the northeastern quadrant of the intersection. Skid marks from the plaintiff's vehicle began west of the westerly curbline of Pembroke Road and extended thirty-three feet easterly along Leonard Road to the point of impact. The defendant operator testified that she did not see the plaintiff's car until the last moment and that she did not apply her brakes before the collision. The jury returned a

verdict for the plaintiff and also found for the plaintiff on the defendants' counterclaim. The court denied the defendants' motion to set aside the verdict. Judgment was rendered for the plaintiff, and the defendants have taken the present appeal.

The defendants are not contesting the validity of the verdict on their counterclaim; they have restricted their assignments of error to the judgment for the plaintiff. The defendants claim that the trial court should have granted their motion to set aside the verdict because the plaintiff was contributorily negligent as a matter of law by failing to grant the right of way to their vehicle, which was approaching the intersection to the right of the plaintiff's vehicle. The defendants also claim that this negligence was a substantial factor in causing the accident. We agree with these claims. The jury could not have reasonably come to any other conclusion than that both vehicles were arriving at the intersection at approximately the same time under the rule of such cases as *Peckham* v. *Knofla,* 130 Conn. 646, 648, 36 A.2d 740, and *Tarzia* v. *Koopman,* 147 Conn. 540, 543, 163 A.2d 320; that the plaintiff failed to grant the right of way to the defendants' automobile in violation of General Statutes § 14-245; and that the failure to do so constituted negligence. *Vecchiarelli* v. *Weiss,* 137 Conn. 660, 662, 663, 81 A.2d 123. Whether the defendant operator was also negligent is of no consequence because the jury had to conclude that the negligence of the plaintiff was a substantial factor in producing his injuries. *Friedman* v. *Cunningham,* 104 Conn. 737, 738, 132 A. 401. The breach of the right of way rule by the plaintiff and the collision with the defendants' automobile were practically simultaneous. *England* v. *Watkins Bros., Inc.,* 122 Conn. 1, 6, 186

A. 484; *Worden* v. *Anthony,* 101 Conn. 579, 585, 126 A. 919. The plaintiff's contributory negligence thus continued to the very moment of the accident. *England* v. *Watkins Bros., Inc.,* supra.

The plaintiff attempts to sustain the verdict by claiming that, since the defendant operator admitted that, at the time of the accident, her windshield was frosty, the jury could have reasonably concluded that her negligence in driving with a frosty windshield, not the plaintiff's contributory negligence, was the proximate cause of the accident. In making this claim, the plaintiff is invoking the doctrine of last clear chance. This doctrine is not, however, applicable in the present case because both parties were proceeding on a collision course to the moment of impact, and the plaintiff did not come within the danger zone until substantially the instant before he collided with the defendants' automobile. *Beck* v. *Sosnowitz,* 125 Conn. 553, 558, 559, 7 A.2d 389; *Puza* v. *Hamway,* 123 Conn. 205, 212, 193 A. 776; *Middletown Trust Co.* v. *Armour & Co.,* 122 Conn. 615, 618, 619, 191 A. 532; *DiMaio* v. *Panico,* 115 Conn. 295, 297, 161 A. 238; *Correnti* v. *Catino,* 115 Conn. 213, 225, 160 A. 892. The jury had to conclude that the plaintiff was actively negligent up to the time of impact and that he was actively co-operating with the defendant operator in bringing about the ultimate result. The plaintiff's conduct must be regarded as a concurring efficient cause. *Nehring* v. *Connecticut Co.,* 86 Conn. 109, 121, 84 A. 301, 524; *Bujnak* v. *Connecticut Co.,* 94 Conn. 468, 472, 473, 109 A. 244. There is no reasonable basis for a conclusion by the jury that the plaintiff's car had arrived at the intersection a sufficient length of time before the collision to bring into operation the elements in the conduct of the defend-

ant operator which are necessary for the application of the doctrine of last clear chance. *Rix* v. *Stone,* 115 Conn. 658, 663, 163 A. 258; *DiMaio* v. *Panico,* supra, 297.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.